434 A.2d 1164

COMMONWEALTH of Pennsylvania

v.

Alan Lee ZIMMERMAN, Appellant.

Supreme Court of Pennsylvania.

Submitted April 22, 1981.

Decided Sept. 24, 1981.

Judgment of sentence vacated and case remanded for resentencing.

Thomas G. Klingensmith, Asst. Public Defender, Lancaster, for appellant.

Ronald L. Buckwalter, Dist. Atty., Lancaster, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

OPINION OF THE COURT

PER CURIAM:

Appellant, Alan Lee Zimmerman, entered pleas of guilty to charges of robbery and theft on November 19, 1976. On February 4, 1977, appellant was sentenced to two and one-half to seven years imprisonment for robbery and to two concurrent terms of imprisonment of one to three years for theft. On appeal, the Superior Court affirmed the judgment of sentence. *Commonwealth v. Zimmerman*, 262 Pa. Super. 50, 396 A.2d 639 (1978). We granted Mr. Zimmerman's petition for allowance of appeal and now remand for resentencing.

Appellant argued before the Superior Court and reiterates now that the trial court erred in failing to state its reasons on the record for the imposition of its sentence.[1] Thus, he claims his sentence should be vacated and the case remanded for resentencing. In *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), we held that a trial judge must indeed articulate the reasons for the sentence chosen. A plurality of the Superior Court refused to apply *Riggins* to this case, and such refusal was error. In *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977), we determined that *Riggins* was to be applied to sentencings preceding its pronouncement. *Accord, Commonwealth v. Mitchell*, 487 Pa. 569, 410 A.2d 758 (1980); *Commonwealth v. Jefferson*, 484 Pa. 115, 398 A.2d 971 (1979).

The judgment of sentence is vacated and the case is remanded to the Court of Common Pleas for resentencing in light of *Commonwealth v. Riggins, supra.*

NIX, LARSEN and FLAHERTY, JJ., dissent.

1. Pa.R.Crim.P. 1405(b) now requires such a statement.