491 A.2d 230

**COMMONWEALTH of Pennsylvania**

v.

**Robert J. DUFFY, Sr., a/k/a Robert J. Duffy, a/k/a Robert James Duffy, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 19, 1984.

Filed April 4, 1985.

Lorinda L. Hinch, Assistant Public Defender, Mercer, for appellant.

Charles S. Hersh, Assistant District Attorney, Hermitage, for Commonwealth, appellee.

Before ROWLEY, OLSZEWSKI, and POPOVICH, JJ.

OLSZEWSKI, Judge:

This is an appeal from judgments of sentence on four counts of theft by failure to make required disposition of funds received.[1] Appellant contends that the sentencing judge abused his discretion in 1) ordering the sentences to be consecutive to other sentences being served in another county, and 2) sentencing appellant in the aggravated range of the sentencing guidelines.

The facts of this case are as follows: Four informations were filed between September 6 and September 12, 1983, charging appellant with theft by deception. The charges involved appellant's receipt of money from various people for goods appellant then never delivered. The informations were later amended to charge theft by failure to make required disposition of funds received. Appellant pleaded guilty to all four informations and was sentenced to six to twelve months on the first count, and eighteen to forty-eight months on each of the other three counts. The sentencing judge ordered that the four sentences be concurrent to one another, but consecutive to time already being

1.  18 Pa.C.S. § 3927 (Purdons 1982).

served in Crawford County.  A motion to modify sentence was denied without a hearing and this appeal followed.

■ Appellant first argues that the sentencing judge abused his discretion by ordering the sentences to be served consecutively to sentences being served in Crawford County.  Since this issue was not raised in appellant's motion to modify sentence, it has been waived. *Commonwealth v. Brown*, 288 Pa.Super. 171, 431 A.2d 343 (1981), *Commonwealth v. Bethel*, 295 Pa.Super. 312, 441 A.2d 1248 (1982).

Appellant next contends that his sentences of eighteen to forty-eight months were improper because the sentencing judge failed to provide adequate reasons for sentencing him within the aggravated range of the sentencing guidelines.[2] We do not agree.

Section 303.3 of the sentencing guidelines, 42 Pa.C.S. § 9721, 204 Pa.Code § 303.3 (Purdons 1982) provides:

### § 303.3  AGGRAVATING OR MITIGATING CIRCUMSTANCE

When the court determines that aggravating or mitigating circumstances warrant:

(1) It may sentence:

.    .    .    .    .

(ii) within the aggravated or mitigated range provided in § 303.9 (relating to sentence range chart) for all other convictions; and

(2) It shall state the reasons therefore on the record.

This is the sentencing commission's only statement regarding aggravating and mitigating circumstances.  The guidelines direct only that reasons be given; nowhere is any instruction or guidance given regarding what constitutes sufficient reasons for sentencing in either range.  Further-

**2.** Appellant had a prior record score of 2 and an offense gravity score of 4.  Therefore, the commission suggested sentencing within the following ranges:

| | |
|---|---|
| Minimum range | — 0–12 months |
| Aggravated minimum range | — 12–18 months |
| Mitigated minimum range | — non confinement |

more, Pennsylvania decisional authority is also silent concerning this sufficiency issue.

Therefore, the issues before this court are: 1) what reasons constitute adequate reasons for sentencing a defendant within the aggravated range; and 2) by what standard should a judge's statement of reasons be reviewed.

A review of the history of the Pennsylvania Sentencing Commission's guidelines is helpful at this juncture. The first version of the commission's guidelines also had a section dealing with the aggravation and mitigation of a guideline sentence. However, unlike the current guidelines, this version contained an exclusive list of the aggravating circumstances which warranted an increase in a standard guideline's sentence. This list contained the following:

**(c) AGGRAVATING CIRCUMSTANCES**

The following exclusive list of aggravating circumstances warrant an increase in the normal guideline sentence:

(1) The defendant has a history of violent conduct which is not reflected in the offender score. This does not include juvenile conduct.

(2) The defendant inflicted severe and determined cruelty on the victim when committing the offense.

(3) The victim was particularly vulnerable due to age, infirmity, or reduced physical or mental capacity, which was known or should have been known to the offender.

(4) The offender was the leader in the crime of conviction in which there were multiple participants.

(5) The offense involved more than one victim.

(6) The defendant used his position of trust, public office, confidence, fiduciary obligation, or status to facilitate the commission of the offense.

§ 303.4 Sentencing guidelines, 10 Pa. Bulletin 43, at 4186, October 25, 1980.

The Pennsylvania Legislature rejected the first version of the sentencing guidelines and insisted upon substantial revi-

sions before finally enacting the guidelines on May 14, 1982. Included among the revisions was the deletion of § 303.4's list of aggravating circumstances.

It seems clear to this Court that the legislature, while mindful of the guideline's purpose to promote more uniform sentencing across the Commonwealth, nevertheless, feared that adherence to an exclusive list of factors would unduly fetter the sentencing judge's traditional discretion in this area. The legislature realized that no commission, no matter how competent, could ever anticipate the myriad of sentencing situations that judges face, and that, therefore, flexibility must be maintained in any sentencing scheme.

With this background in mind, we now turn to the facts of the instant case. In the section of the sentencing form, reserved for a statement of the judge's reasons for sentencing in the aggravated range, Judge Acker wrote:

"This defendant has a criminal history commencing in 1962, encompassing every year but 1982 through 1983. He has three convictions for forgery, seven convictions for bad checks and a theft by deception other than the four thefts for which he is sentenced. He stole from innocent parties who relied upon him to do work for them for which he received prepayment. He is fifty-two years of age. Because of the number of prior offenses, a long criminal history, and the multiple offenses for which he was sentenced, it was felt that the aggravated range should be applied in his case."

Appellant argues that his prior record, the multiplicity of charges, and the innocence of the victims are inadequate reasons for sentencing him in the aggravated range because 1) prior record is already taken into consideration in the guidelines by the prior record score; 2) each crime is to be treated separately under the guidelines; and 3) victims of crimes are usually innocent.

This court believes that discretion must be accorded sentencing judge's decisions. After all, the sentencing judge is in the best situation to weigh various factors such

as the nature of the crime, the defendant's character, and defendant displays of remorse, defiance or indifference. The legislature's rejection of the exclusive list of permissible aggravating circumstances demonstrates its desire to retain the traditional flexibility in the sentencing process. Therefore, we now make the following holding. First, a sentencing judge may consider any legal factor in deciding whether a defendant should be sentenced within the aggravated range. Second, in order to be adequate, the sentencing judge's reasons for sentencing within the aggravated range must reflect this consideration. Finally, the sentencing judge's decision regarding the aggravation of a sentence will not be disturbed absent a manifest abuse of discretion.[3]

One final point regarding a sentencing judge's application of the sentencing guidelines. In exercising their discretion in this area, sentencing judges should bear in mind that the commission's suggested sentencing ranges were painstakingly developed and take into consideration, prior record, offense gravity and the statutory classification of the crime.

In this case, the sentencing judge did not rely solely on appellant's prior record in deciding to sentence him within the aggravated range. Moreover, prior record was a reasonable consideration in attempting to predict whether appellant would likely repeat his crimes if given a light or probationary sentence. Therefore, the sentencing judge did not abuse his discretion when he considered appellant's prior record.

In addition, appellant's argument that the sentencing judge failed to treat each count separately when sentencing is refuted by the fact that, on one of appellant's

3. An abuse of discretion occurs when a sentence is clearly unreasonable or manifestly excessive under the circumstances of the case. See 42 Pa.C.S. § 9781(c)(2) (Purdon's 1982); Commonwealth v. Black, 321 Pa.Super. 44, 467 A.2d 884, 885 (1983); Commonwealth v. Russell, 313 Pa.Super. 534, 546, 460 A.2d 316, 322 (1983); Commonwealth v. Scarborough, 313 Pa.Super. 521, 533, 460 A.2d 310, 316 (1983).

four theft counts, he received a sentence in the minimum range.  Finally, we are of the opinion, that the trial judge's consideration of the relative wealth and sophistication of appellant's victims was reasonably designed to more closely tailor the punishment to the crime.  Therefore, we find no abuse of discretion.

██ The essence of Pennsylvania law regarding sentencing is that the sentence should be individualized.  *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977).  The sentencing judge considered relevant and permissible factors before sentencing appellant within the aggravated range of sentences.  The guidelines and this Court require no more.

Accordingly, the judgment of sentence is affirmed.

Judgment of sentence affirmed.