502 A.2d 711

**COMMONWEALTH of Pennsylvania**

v.

**Antony J. TERRIZZI, Appellant.**

Superior Court of Pennsylvania.

Submitted June 4, 1985.

Filed Dec. 31, 1985.

608

Thomas G. Klingensmith, Assistant Public Defender, Elizabethtown, for appellant.

Henry S. Kenderdine, Jr., District Attorney, Lancaster, for Commonwealth, appellee.

Before SPAETH, President Judge, and McEWEN and BECK, JJ.

SPAETH, President Judge:

This is an appeal from judgments of sentence for rape and burglary.[1] Appellant argues that the trial court abused its discretion in imposing sentences exceeding the Sentencing Guidelines. We find that the court did not abuse its discretion in imposing the sentence for rape. We therefore affirm that sentence. We also find, however, that in imposing the sentence for burglary, the court did not adequately explain its departure from the guidelines. We therefore vacate that sentence and remand for resentencing.[2]

1. Appellant was sentenced for burglary on Lancaster Cr. No. 1090 of 1983 and for rape and burglary on Lancaster Cr. No. 1091 of 1983.

2. Appellant also raises non-sentencing issues: Whether the Commonwealth established that the police had probable cause to arrest appellant; whether the evidence was sufficient to establish that appellant entered the apartment with the intent to commit a crime therein; whether the evidence was sufficient to prove that the victim did not consent to intercourse; and whether a mistrial should have been

The court sentenced appellant to a 10 to 20 year term of incarceration for rape and a consecutive 10 to 20 year term of incarceration for burglary (Lancaster Cr. No. 1091 of 1983).[3] Both sentences are the maximum allowed by law. Appellant argues that the court abused its discretion in failing to explain its departure from the guidelines, and in failing to take into consideration certain mitigating circumstances. Brief for Appellant at 15.

■ We begin with the principle that sentencing is within the sound discretion of the trial court. Accordingly, absent an abuse of discretion, we will not disturb the sentence. *Commonwealth v. Johnson*, 333 Pa.Super. 42, 45, 481 A.2d 1212, 1214 (1984). In exercising its discretion, however, the trial court must comply with certain procedures.

In *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), the Supreme Court held that the trial court must state the reasons for its sentence on the record, as such a statement is "invaluable" in determining "whether the sentence imposed was based upon accurate, sufficient and proper information." *Id.*, 474 Pa. at 131, 377 A.2d at 148. In addition, the legislature has required a statement of reasons: "In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentence, a statement of the reason or reasons for the sentence imposed." Act of Nov. 26, 1978, P.L. 1316, No. 319, § 1, effective January 1, 1979, 18 Pa.C.S. § 1321(b) [now 42 Pa.C.S. § 9721(b)]. The failure to provide a statement of reasons is error requiring resentencing. *Commonwealth v. Zimmerman*, 495 Pa. 425, 434 A.2d 1164 (1981); *Commonwealth v. Gaskin*, 325 Pa.Super. 349, 472 A.2d

granted when the District Attorney expressed his personal opinion regarding the testimony of defense witnesses. The trial court's opinion adequately disposes of these arguments. Slip op. of tr. ct. at 2–12.

3. Appellant also received a sentence of three to six years for burglary on Lancaster Cr. No. 1090 of 1983, to be served concurrently with the burglary term on Lancaster Cr. No. 1091 of 1983. This sentence, which is within the guidelines, has not been challenged.

1154 (1984); *Commonwealth v. McCall*, 320 Pa.Super. 473, 467 A.2d 631 (1983).

Since the promulgation of the Sentencing Guidelines, the trial court must also consider the guidelines, and if it departs from them, provide a statement of reasons for the departure. 42 Pa.C.S. § 9721(b). "Failure to comply shall be grounds for vacating the sentence and resentencing the defendant." *Id.* We must also vacate and remand for resentencing when

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

42 Pa.C.S. § 9781(c).

*See also* 42 Pa.C.S. § 9781(d) (factors to be considered in making above determination). In determining whether the sentence is "unreasonable" or "clearly unreasonable," we must consider whether the court has provided the statement of reasons required by 42 Pa.C.S. § 9721(b). *Commonwealth v. Royer*, 328 Pa.Super. 60, 476 A.2d 453 (1984).

Here, the trial court offered the following statement of reasons for the sentence:

THE COURT: The Court is now about to impose sentence and it is obligated to state its reasons for so doing. The Court has obviously reviewed at great length the presentence investigation, including the reports from Norristown State Hospital which are attached thereto, as well as the reports submitted to the Court by Mr. Cullen [counsel for appellant] today which was directed to Judge Perezous and which I will direct to be made a part of this record as far as Judge Perezous's copy is concerned. There's no question from all that review that the defendant is one of not a great deal of educational background,

but certainly is old enough and knowledgeable enough to understand the significance of the acts he performed here. The Court has also considered his prior adult record, which is a crime of violence similar to the crime, one of the crimes he is charged with committing or was found guilty of committing here in this courtroom. The Court is also aware of the fact that shortly after he got out of the State Correctional Institution at Camp Hill he committed these crimes of which—with which—to which he was found guilty by a jury.

The Court has also considered the arguments of counsel and the sentencing code and the alternatives available to it under the sentencing code and also, obviously by the very nature and circumstances of this crime, the only reasonable alternatives of the ones given to the Court is total incarceration.

The Court further considered the sentencing guidelines as it is bound to do and feels it should go outside those guidelines for these reasons. Number one, the defendant's prior record indicates to me that he represents a real threat to society if he is out in society. Within five or—well, I guess it's within about five or six months of his being released these crimes were committed. In my opinion he is definitely a threat to society. The nature of the crimes of rape and burglary regarding the young 19-year-old girl, Brenda Blaxland, were also such that the very nature of these crimes demands a sentence that is significant both as a deterrent and as a punishment. The rape represents the ultimate insult to a human being which was committed on this young lady and the burglary of her apartment in the nighttime, hiding there waiting for her to arrive, is just—well, it speaks for itself. It's a horrendous crime in the Court's opinion.

N.T. 9/5/84, 13–15.

After the court pronounced sentence, defense counsel objected and argued that the court had failed to consider certain mitigating factors. In response, the court stated:

612

THE COURT: The Court wishes to add simply that the Court will recommend to the extent it would be appropriate that psychiatric treatment be added to the sentence. I do wish to make the following comments to Mr. Cullen for part of the record. That the Court did in great detail consider this presentence investigation, every bit of it, including the pathetic family background of the defendant and the record of drug and alcohol abuse. It also considered all the psychiatric reports it had available to it and the final—in the final analysis the real reason for this sentence as articulated by me before I imposed it, number one, the very serious nature of this crime and on that the record speaks for itself. The notes of testimony speak for themselves. And, secondly, the very real fact that this man does in the Court's opinion constitute a menace to society if he gets out again. As I pointed out before, it was a very, very short time he was out and he was back in trouble and doing the very same thing. There's no question in my mind that the maximum was the only sentence that is going to keep society safe from this defendant. So with that, this sentencing is complete.

MR. CULLEN: Okay. Just one more point if I might. The Court—I hate to just add this, but I must protect the record—the Court gave no consideration to the parole back time he also served.

THE COURT: I also considered that when I considered the arguments, Mr. Cullen. Okay.

N.T. 9/5/84, 19–21.

Following imposition of sentence, the trial court, as required, completed a sentencing guidelines form and made it part of the record. 204 Pa.Code § 303.1(b). The form indicated the following guidelines ranges for an offender with a prior record score of three [4]: rape—40 to 54 months

4. Appellant asserts that his prior record score was "one." Brief for Appellant at 15. The record shows that appellant had a prior robbery conviction, but it does not show the grade of the robbery. A prior conviction of a robbery constituting a felony of the first degree converts into a prior record score of three. 204 Pa.Code § 303.-7(b)(2)(i). At the sentencing proceeding, appellant did not contest the

(mitigated minimum range), 54 to 78 months (minimum range), and 78 to 97 months (aggravated minimum range); burglary—16 to 22 months, 22 to 39 months, and 39 to 49 months, respectively. In regard to the rape, no deadly weapon enhancement was indicated. In regard to the burglary, the deadly weapon enhancement provision was checked "Yes", and "knife" was specified, but the term was not enhanced. The court filled in Section VIII of the form, which directs the court to explain a departure from the guidelines. The following was written in that section:

REASONS FOR DEPARTURE FROM GUIDELINES RANGE ARE:

The nature of the crime itself which involved the entry into the victim's apartment through a window, during the night, waiting for her to come home and hiding until she began to undress, then attacking the victim at knife point, tying her hands and raping her.

Secondly, the defendant had just been released from prison about 8 months before this incident occurred after having served time for robbery and felonious restraint again involving a woman being held at knife point. This and other matters in the pre-sentence report indicate the defendant is a real danger to the community.

We shall first consider the sentence for rape, and then the sentence for burglary.

In imposing sentence, the trial court stated that the nature of the rape, here involving a 19-year-old victim, called for "a sentence that is significant both as a deterrent and as a punishment". The court further noted that rape is the "ultimate insult to a human being." N.T. 9/5/84, 15. When the court later referred to the "very serious nature of this crime," *id.* at 20, it is evident that it was referring to the victim's testimony regarding the rape. Thus, the victim had testified that she was tied up and appellant "threatened [her] with a knife;" N.T. 11/21/83, 228–30, and the court's comments on the sentencing guidelines form reflect this

calculation of his prior record score as three. Accordingly, if the calculation was in error, the error has been waived.

testimony. Sentencing Guidelines Form, Section VIII. The court also "considered [appellant's] prior adult record, which is a crime of violence similar to the crime," N.T. 9/5/84, 14, and again, it is evident that "the crime" referred to was the rape, for the prior offense was robbery and unlawful restraint of a woman at knife point. *And see* the court's comments in Section VIII of the Sentencing Guidelines Form. In our view, this record establishes that the trial court did give a statement of reasons for the sentence for rape and a statement of reasons for departing from the guidelines, if indeed, as we shall discuss, the sentence did depart from the guidelines. 42 Pa.C.S. § 9721(b). Having reaching this conclusion, we must now consider the adequacy of the statement. *Commonwealth v. Royer, supra.*

The trial court's statement of reasons shows that it considered both the nature of the offense and the characteristics of the offender. When defense counsel called certain mitigating circumstances to the court's attention, the court responded that it had considered these circumstances. N.T. 9/5/84, 19–21. We therefore find no merit in appellant's argument that the court abused its discretion in failing to consider the nature of the offense, the characteristics of the offender, and the mitigating circumstances.

With respect to whether the sentence for rape departed from the guidelines: If the deadly weapon enhancement was applicable, the sentence did not depart from the guidelines.[5] The trial court evidently believed that the deadly weapon enhancement was applicable. *See* its comments that "the victim [was attacked] at knife point." Sentencing Guidelines Form, Section VIII. Nevertheless, as we have observed above, on the guidelines form the deadly weapon enhancement was not applied to the rape, but, rather, to the burglary. It seems likely that this was a

5. If the deadly weapon enhancement was applicable, the court's sentence of 10 years (*i.e.,* 120 months) was within the aggravated minimum range of 90 to 121 months (actually 120 months, which is the statutory limit for the minimum). The applicable test is then that set forth in *Commonwealth v. Duffy,* 341 Pa.Super. 217, 491 A.2d 230 (1985).

typographical error, and we might well hold that in fact the sentence for rape was within the guidelines. If, however, we read the guidelines form literally, and therefore regard the sentence as departing from the guidelines, our decision remains the same. For in our judgment, the trial court's statement of its reasons for the sentence for rape was adequate to support a sentence approximately two years beyond the aggravated minimum range.[6] *Cf. Commonwealth v. Thomas,* 335 Pa.Super. 99, 483 A.2d 974 (1984) (departure from guidelines for rape upheld where the court's reasons related to the circumstances of the offense, a similar prior occurrence by defendant, defendant's lack of remorse, and his apparently violent nature). The judgment of sentence for rape will therefore be affirmed.

In regard to the burglary sentence, we must proceed as with the rape sentence: we must first consider whether the court gave a statement of reasons for the sentence, and next, since the sentence exceeded the guidelines, whether the statement explained the departure.[7]

6. We recognize that the court's use of appellant's prior record as a reason for departing from the guidelines is problematic. In *Commonwealth v. Drumgoole,* 341 Pa.Super. 468, 491 A.2d 1352 (1985), which involved a sentence falling below the mitigated minimum range, this court stated in *dictum* that "assign[ing] the lack of, or even minimal, prior record as a reason for deviating from the guidelines is to, in effect, give an accused credit for the same factor twice [and] ... is error." *Id.*, 341 Pa.Superior Ct. at 471, 491 A.2d at 1355. In *Commonwealth v. Duffy,* 341 Pa.Super. 217, 491 A.2d 230 (1985), which involved a sentence within the aggravated range, this court found no reason to to remand where the trial court did not "rely solely" on the defendant's prior record; we concluded that "prior record was a reasonable consideration in attempting to predict whether [the defendant] would likely repeat his crimes if given a light or probationary sentence." *Id.*, 341 Pa.Superior Ct. at 220, 491 A.2d at 233. *See also* the discussion in the majority and dissenting opinions in *Commonwealth v. Mills,* 344 Pa.Super. 200, 496 A.2d 752 (1985). Here, the trial court's reliance on prior record was equivalent to that in *Duffy,* which we did not find objectionable.

7. There is no question that the sentence for burglary exceeded the guidelines. Neither party contends that the score was miscalculated. *But see* note 4, *supra.* It appears that the proper prior record score for burglary should have been zero because the court imposed consecutive sentences involving the same transaction. 204 Pa.Code § 303.6. Even so, the sentence would have exceeded the guidelines.

■ As the transcript shows, the trial court began by noting that it was "obligated to state its reasons" for the sentences it was about to impose. N.T. 9/5/84, 13. In stating its reasons, the court said that "the very nature of these crimes [of rape and burglary] demands a sentence that is significant both as a deterrent and as a punishment." *Id.*, 15. After commenting on the nature of the rape, the court said, "and the burglary of her apartment in the nighttime, hiding there waiting for her to arrive, is just— well, it speaks for itself. It's a horrendous crime in the Court's opinion." *Id.* These comments are reflected in the Sentencing Guidelines Form, Section VIII. Nevertheless, brief as they are, the comments do constitute a statement of reasons. The adequacy of the statement is another matter.

We have concluded that the trial court's comments were inadequate as a statement of reasons why the court had departed from the sentencing guidelines. The record does show that appellant entered the victim's apartment during the night. However, when appellant challenged the sufficiency of the evidence to show that when he entered, he intended to commit a crime in the apartment, the court found the evidence sufficient to show "the intent to commit a *theft.*" Slip op. of tr. ct. at 8 (emphasis added). The court made no finding that appellant had waited for the victim to arrive. Moreover, the Commonwealth did not allege that he had, alleging rather that appellant "entered this residence with the intent to commit the crime of theft." *Id.* at 7; *And see* Brief for Commonwealth at 12. Consistent with the Commonwealth's allegation, the evidence was that appellant "apparently entered the victim's apartment through an open window while the victim was away for the evening." Slip op. of tr. ct. at 8. *And see id.* at 9 ("[appellant's] rooting through drawers in the bedroom provided sufficient evidence for the jury to find that [appellant] had the intent to commit theft when he reentered the downstairs apartment"). The court's statement of reasons for the sentence for burglary is thus inconsistent with both

the Commonwealth's allegation and the court's own view of the evidence. Nor may we dismiss this inconsistency as unimportant, for in imposing the sentence for burglary, the court did not depart from the guidelines to a minor extent. As we have noted, the guidelines form stated an aggravated minimum range of sentence for burglary of 39 to 49 months. The court, however, imposed a minimum of 10 years, which is to say, 120 months.

In *Commonwealth v. Dixon,* 344 Pa.Super. 293, 496 A.2d 802 (1985), petition for allocatur pending, we were faced with a situation the converse of the one we are faced with here. There the court's sentence "plunged more than 54 months below the floor of the guidelines' mitigated range." We remanded for resentencing because we found "[n]othing in the evidence presented at the guilty plea and sentencing proceedings, and nothing in the court's explanation of its sentence, [that] support[ed] such a departure." *Id.,* 344 Pa.Superior Ct. at 310, 496 A.2d at 810. So here, we are unable to find the court's very great departure from the guidelines explained either by the record or the court's statement of reasons. We are therefore compelled to vacate the sentence for burglary and remand for resentencing.[8]

Judgments of sentence for rape on Lancaster Cr. No. 1091 of 1983 and for burglary on Lancaster Cr. No. 1090 of 1983 are affirmed. Judgment of sentence for burglary on Lancaster Cr. No. 1091 of 1983 is vacated and the case remanded for resentencing consistent with this opinion. Jurisdiction relinquished.

BECK, J., files a concurring and dissenting opinion.

BECK, Judge, concurring and dissenting:

I join the majority on all points save one. I do not agree that the contemporaneous statement of Judge Buckwalter provided inadequate reasons for sentencing the defendant

---

8. In remanding, we intimate no opinion regarding what an appropriate sentence would be.

to a period of incarceration beyond that recommended by the sentencing guidelines. Judge Buckwalter stated:

Number one, the defendant's prior record indicates to me that he represents a real threat to society if he is out in society. Within five or—well, I guess it's within about five or six months of his being released these crimes were committed. In my opinion he is definitely a threat to society. The nature of the crimes of rape and burglary regarding the young 19-year-old girl, Brenda Blaxland, were also such that the very nature of these crimes demands a sentence that is significant both as a deterrent and as a punishment. The rape represents the ultimate insult to a human being which was committed on this young lady and the burglary of her apartment in the nighttime, hiding there waiting for her to arrive, is just—well, it speaks for itself. It's a horrendous crime in the Court's opinion.

These reasons are applicable to the crimes of rape and burglary. I, therefore would not remand for sentencing on the burglary conviction.