COMMONWEALTH of Pennsylvania,
Appellee,

v.

Charles Franklin STEWART,
Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 27, 2004.

Filed Jan. 21, 2005.

Gregory S. Fox, Ellwood City, for appellant.

Matthew T. Mangino, Asst. Dist. Atty., New Castle, for Com., appellee.

BEFORE: LALLY–GREEN, KLEIN, and JOHNSON, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Charles Franklin Stewart, appeals from the judgment of sentence[1] entered on March 1, 1999. After careful review, we vacate the judgment of sentence, remand for a new sentencing hearing, and relinquish jurisdiction.

¶ 2 The trial court gave the following account of the factual and procedural history of this case:

Before Senior Judge Kemp, Charles Franklin Stewart [Appellant] entered a guilty plea to the charges of Attempted Aggravated Assault filed at No. 1213 of 1997, Cr. and Statutory Sexual Assault filed at No. 610 of 1997, Cr. as part of a plea bargain with the office of the Lawrence County District Attorney. While Judge Kemp accepted Appellant's plea, it was President Judge McCracken that later sentenced Appellant.

As per the plea agreement, the recommendation of the prosecution was for a sentence of 18 to 36 months for the charge of Attempted Aggravated Assault and 22 to 44 months for the charge of Statutory Sexual Assault. Judge McCracken rejected the plea recommendation[, and sentenced] Appellant to 24 to 60 months for the Attempted Aggravated Assault and 36 to 120 months for the Statutory Sexual Assault. The aggregated sentence was 5 to 15 years as opposed to the recommended 40 to 80 months of the plea agreement.

Next[,] Appellant's attorney filed a *Motion to Withdraw Defendant's Guilty Plea.* That motion was scheduled for an April 13, 1999 hearing. After some confusion at that hearing, Judge McCracken established with the defendant that Defendant did not wish to withdraw his plea nor to appeal his sentence. What he really wanted was to have his sentence modified. As Defendant had expressed he did not wish to withdraw his plea, Judge McCracken ruled the petition to withdraw withdrawn. Upon objection by the Commonwealth as to the timeliness of any motion to modify sentence, Judge McCracken denied any motion to modify.

Subsequent to the April 13, 1999 hearing, Judge McCracken retired, so when Appellant filed his Post–Conviction Collateral Relief Petition it became assigned to this court for disposition. That petition was premised on the proposition that the legal assistance rendered was ineffective because Appellant's original attorney had sought, contrary to Appellant's wishes, withdrawal of the guilty plea rather than reconsideration of the sentence thereby allowing the filing deadline for reconsideration to expire. This Court denied the collateral relief petition on January 19, 2001; Appellant appealed this decision to the Superior Court. The Superior Court reversed our decision as to the petition for collateral relief on September 16, 2002 remanding the case ... to this court for reconsideration of the sentence. Compliant with the Superior Court's instruction,[2] a hearing was held

---

1. Although Appellant purports to appeal from the order dated June 24, 2003, which denied his motion to modify sentence, the appeal is actually from the judgment of sentence dated March 1, 1999. *See, Commonwealth v. Chamberlain,* 442 Pa.Super. 12, 658 A.2d 395, 397 (1995) (stating that "the order denying post-sentence motions acts to finalize the judgment of sentence for purposes of appeal. Thus, the appeal is taken from the judgment of sentence, not the order denying post-sentence motions.").

2. Our remand to the PCRA court directed that Appellant be permitted to file a motion to modify sentence *nunc pro tunc,* which Appellant filed. Such action, therefore, allowed the

[on] March 27, 2003 to take testimony and hear argument. The mandated reconsideration of Appellant's sentence is the subject of this opinion.

[At] that hearing and in the brief that followed, the defense made three arguments:

1. While Appellant rendered his plea to one judge (Judge Kemp), he was sentenced before another judge (Judge McCracken).

2. The sentence as to both charges was in contravention of the plea agreement.

3. As to the sentencing for the charges filed at No. 610 of 1997, Cr. for Statutory Sexual Assault, Judge McCracken improperly sentenced in the aggravated range due to the improper consideration of other nolle prossed charges.

Regarding the exception taken to the plea being accepted by one judge and the sentence pronounced by another, [in] the plea colloquy before Judge Kemp, Appellant upon being questioned, acknowledged before Judge Kemp that he was already aware that the sentencing would be before Judge McCracken. Afterwards the plea colloquy continued with Appellant's approval.

Trial Court Opinion, 6/24/03, at 1–3. On reconsideration, the trial court denied Appellant's motion to modify sentence, and entered an order on June 24, 2003 denying relief. This appeal followed.[3]

¶ 3 Appellant raises one issue:

Can a defendant be sentenced within the aggravated range of the guidelines on

case to proceed as if it were in a direct appeal phase.

the basis of charges that were dismissed?

Brief for Appellant at 3.

■ ¶ 4 Appellant argues that the sentencing court erred when it considered as an aggravating factor two counts of attempted aggravated assault and one count of statutory sexual assault that had been *nolle prossed* pursuant to the guilty plea agreement. N.T., 3/1/99, at 67–68. Appellant contends, in what he states may be a case of first impression for this Court, that it is unfair for a defendant to enter a guilty plea to certain charges, but then to be sentenced on the basis of other charges that were dismissed pursuant to the plea agreement. Appellant argues that he should have been sentenced within the standard range of the sentencing guidelines.

■ ¶ 5 A plea of guilty forecloses challenges to all matters except the voluntariness of the plea, the jurisdiction of the court, or the legality of the sentence. *Commonwealth v. Alexander*, 811 A.2d 1064, 1065 (Pa.Super.2002), *appeal denied*, 573 Pa. 676, 822 A.2d 703 (2003). Nevertheless, this Court has also ruled that an appellant may challenge the discretionary aspects of sentence in these circumstances, so long as there is no plea agreement as to the terms of the sentence. *Commonwealth v. Dalberto*, 436 Pa.Super. 391, 648 A.2d 16, 21 (1994), *appeal denied*, 540 Pa. 594, 655 A.2d 983 (1995), *cert. denied*, 516 U.S. 818, 116 S.Ct. 75, 133 L.Ed.2d 34 (1995); *Commonwealth v. Becker*, 383 Pa.Super. 553, 557 A.2d 390, 392 n. 1 (1989).

¶ 6 In Appellant's case, there was no binding plea agreement as to Appellant's sentence. Rather, the Commonwealth

3. The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, and none was filed.

agreed to recommend a particular sentence that was not binding on the court. Thus, Appellant was not foreclosed from challenging the discretionary aspects of his sentence. *Dalberto.*

¶ 7 A challenge to the discretionary aspects of sentence ordinarily requires an appellant's brief to comply with the mandates of Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). The appellant must present a separate, concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence. *Id.*

¶ 8 Appellant's brief does not contain such a statement. However,

> when the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte, i.e.,* deny allowance of appeal. However, this option is lost if the appellee objects to a 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied.

*Commonwealth v. Kiesel,* 854 A.2d 530, 533 (Pa.Super.2004) (citation omitted). In Appellant's case, Appellant omitted the Rule 2119(f) statement, but the Commonwealth did not object. Indeed, the Commonwealth did not file a brief. Therefore, we may reach our own conclusion as to whether Appellant should be permitted to proceed with this appeal.

■ ¶ 9 This Court will reach the merits of an appeal challenging the discretionary aspects of sentencing only if it appears that there is a substantial question that the sentence is inappropriate under the Sentencing Code. *Commonwealth v. Urrutia,* 439 Pa.Super. 227, 653 A.2d 706,

710 (1995), *appeal denied,* 541 Pa. 625, 661 A.2d 873 (1995). We will find a substantial question when an appellant advances a colorable argument that the sentence is either inconsistent with a specific provision of the Sentencing Code, or is contrary to the fundamental norms that underlie the sentencing process. *Commonwealth v. Titus,* 816 A.2d 251, 255 (Pa.Super.2003).

¶ 10 Based on Appellant's assertion that the sentencing court considered improper factors in placing the sentence in the aggravated range, we conclude that Appellant presents a substantial question on appeal. *See, e.g., Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617, 624 (2002) (plurality) (holding that a claim that a sentence was excessive is reviewable, even if the sentence falls within the statutory limits and within the sentencing guidelines); *Commonwealth v. Walls,* 846 A.2d 152, 156 (Pa.Super.2004). Thus, we will review the sentence in question.

¶ 11 We review discretionary aspects of sentencing for a manifest abuse of discretion. *Commonwealth v. Kenner,* 784 A.2d 808, 811 (Pa.Super.2001); 42 Pa.C.S.A. § 9721. It is not the function of an appellate court to determine whether it would have imposed the same sentence as the trial court. Rather, this Court may only determine whether the sentence is appropriate under the guidelines and in keeping with the protection of the public, the gravity of the offense, and the rehabilitative needs of the appellant. *Commonwealth v. McClendon,* 403 Pa.Super. 467, 589 A.2d 706, 713 (1991), *appeal denied,* 528 Pa. 622, 597 A.2d 1151 (1991); 42 Pa.C.S.A. § 9721(b).

■ ¶ 12 Appellant argues that his sentence is unreasonable and violates due process, as the sentence was based on charges that were dismissed as part of the plea agreement. A sentencing court may con-

sider any legal factor in determining that a sentence in the aggravated range should be imposed. *Commonwealth v. Duffy*, 341 Pa.Super. 217, 491 A.2d 230, 233 (1985). In addition, the sentencing judge's statement of reasons on the record must reflect this consideration, and the sentencing judge's decision regarding the aggravation of a sentence will not be disturbed absent a manifest abuse of discretion. *Id.*

¶ 13 The issue presented is whether a trial court may enhance a sentence because of charges that have been *nolle prossed* as part of a plea bargain. In Pennsylvania, while our courts have not directly addressed that question, they have ruled that, when a court imposes its sentence, the court may consider a defendant's previous arrests and concurrent charges. *See, e.g., Commonwealth v. Straw*, 238 Pa.Super. 535, 361 A.2d 427, 428 (1976).

¶ 14 On the other hand, there is authority for the proposition that a sentence cannot be enhanced for any offense other than the one to which the defendant pled guilty. *See, e.g., United States v. Metz*, 470 F.2d 1140, 1143 (3d Cir.1972), *cert. denied sub nom. Davenport v. United States*, 411 U.S. 919, 93 S.Ct. 1558, 36 L.Ed.2d 311 (1973) (The court explained that the defendant "could only be sentenced for the offense to which he pleaded guilty. Had the court undertaken to penalize [the defendant] for other offenses as well, 'it would run afoul of due process.' ").

¶ 15 Here, the charges in question against Appellant were dropped as part of the plea agreement between Appellant and the Commonwealth. In justifying the sentence, the learned trial court stated:

The sentences I'm about to impose are the least severe that I think is necessary after considering everything that I have read here, everything that has been said, the guidelines and your need for

punishment and rehabilitation and I think any lesser sentence would be inappropriate and fail to punish you or rehabilitate you and fail to deter you and like minded people from committing the crime.

So the sentence of the Court at No. 610 of 1997 subsequent to a plea of guilty to one count of statutory sexual assault, a felony 2 in violation of Section 31.2.1 of the Crimes Code is you undergo incarceration at a state correctional institution for a period of not less than 36 months nor more than ten years. **This sentence is in the aggravated range because two counts of IDSI, which each [carries] a mandatory minimum of five years, have been nolle prossed as well as another count of statutory sexual assault.**

N.T., 3/1/99, at 67–68 (emphasis added).

■ ¶ 16 A trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range. *Duffy.* Absent a manifest abuse of discretion, such sentence will not be disturbed. *Id.* However, a manifest abuse of discretion exists when a sentence is enhanced due to charges that have been *nolle prossed* as part of a plea agreement, because notions of fundamental fairness are violated. *See, Metz, supra.*

¶ 17 The record before us reflects that the trial court considered many factors in imposing sentence. The court's reference to the counts that had been *nolle prossed* does not lead to the immediate conclusion that the trial court manifestly abused its discretion in imposing the sentence that it did. This is because the record fails to reflect what sentence the trial court would have imposed without consideration of the *nolle prossed* charges.

¶ 18 We would ordinarily remand to the trial court judge who imposed sentence to set forth his or her reasons for the sentence on the record. Here, however, the trial court judge has retired. Thus, we remand to the trial court for a new sentencing hearing.

¶ 19 Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.