## Commonwealth v. Kane

*Lance T. Marshall,* for Commonwealth.

*Craig P. Miller,* for defendant.

Grine, *J.,* November 14, 2005—Defendant, Richard A. Kane, pled guilty, pursuant to a plea agreement, to theft by unlawful taking and forgery following a sentencing hearing held on June 9, 2005. The original criminal information filed in this case included 23 counts of theft by unlawful taking or disposition (18 Pa.C.S. §3921(a)), 24 counts of receiving stolen property (18 Pa.C.S. §3925(a)), one count of theft by deception (18 Pa.C.S. §3922), two counts of forgery (18 Pa.C.S. §4101(a)(2)), and two counts of access device fraud (18 Pa.C.S. §4106a(l)(iv)). The information was amended by the Commonwealth before sentencing to reflect the abovementioned plea agreement. This court sentenced defendant to a period of not less than three years nor more than six years in a state correctional institution and ordered the defendant to pay restitution in the amount of $166,409. By court order dated July 28, 2005, this court's previous sentencing order of June 9, 2005, was amended, whereby defendant's sentence was reduced to a period of not less than two years, nor more than four years, with the amount of restitution reaffirmed.

Defendant then filed his notice of appeal on August 22, 2005. This court filed an order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure requesting a concise statement of matters complained of on appeal. Defendant filed his 1925(b) statement in a timely manner. Defendant's statement includes an extensive list of matters complained of on appeal, which can be best summarized as follows:

"(1) The trial court erred or abused its discretion by sentencing defendant in the aggravated range without placing adequate reasons on the record.

"(2) The trial court erred or abused its discretion when sentencing defendant in the aggravated range by failing to consider appropriate information and making erroneous conclusions."

This court will address each of defendant's matters individually.

## I. EXCESSIVE SENTENCE

Defendant was originally sentenced to a total period of incarceration of three to six years for the charges of theft by unlawful taking and forgery. The standard range for these offenses, given the lack of a previous criminal record and the offense gravity score of "eight," was nine to 16 months. Citing, in large part, the betrayal of trust that occurred in the case, counsel for the Commonwealth asked for an aggravated range sentence of one and one-half years to three years.

Discretion is accorded to the sentencing judge, as he or she is in the best situation to weigh various factors, such as the nature of the crime, impact of crime on the victim(s), the defendant's character, and any display of remorse, defiance, or indifference on the part of the defendant. *Commonwealth v. Duffy,* 341 Pa. Super. 217, 491 A.2d 230 (1985). Further, where there is an indication that the sentencing court understood the suggested sentencing range, the "court may deviate from the sentencing guidelines to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offenses as it relates to the impact on the life of the victim and the community." *Commonwealth v. Tirado,* 870 A.2d 362, 366 (Pa. Super. 2005). "[S]imply stated, *the*

*sentencing guidelines are merely advisory and the sentencing court may sentence a defendant outside the guidelines* as long as the sentencing court places its reasons for doing so on the record." *Id.* (emphasis added)

At the time of sentencing, this court pointed to many factors on the record which led to its imposition of a sentence above the aggravated range. First and foremost, this court imposed the original three to six year sentence as this was the minimum amount of confinement found consistent with the protection of the public, the gravity of the offense, and defendant's rehabilitative needs. (Tr. 6/9/05, p. 25, ¶¶19-25.) In making this decision, the court examined and considered the pre-sentence investigative report, statements made by the victim prior to sentencing, statements by defendant's counsel, the circumstances of the offense, and the defendant's education, character, and background. (See Tr. 6/9/05, p.25, ¶25; p.26, ¶¶1-15.)

Investigations into defendant's actions revealed that he used the victim's name, John Imbt, and the name of the victim's company, ABC Oil Co. Inc., to open a $100,000 line of credit, actually forging Mr. Imbt's signature to do so. At the time this unauthorized account was discovered, the defendant had spent approximately $99,000 of the credit line. Additionally, defendant had opened two credit card accounts, both under the names of Mr. Imbt and the ABC Oil Co. Inc., with approximately $16,000 of charges between the two. Over an 18-month period, defendant routinely wrote himself or third-party vendors unauthorized company checks, exceeding $175,000, to pay for personal expenses. Finally, statements made by the victim at the sentencing hearing established that as a direct result of the defendant's action,

the victim lost his business, selling it in order to pay the debts defendant had incurred through his intentional and unjustifiable criminal conduct.

The court further addressed the defendant:

"I believe that your conduct cannot be excused, and that the victim did nothing to cause or facilitate the commission of the crime against him. There are no grounds intended to excuse or justify your conduct on that day. I believe you have not compensated the victim, nor do I consider it likely that you are ever going to be able to completely make restitution in this matter." (Tr. 6/9/05, p. 26, ¶¶16-24.)

It is clear to this court that the reasons for sentencing defendant were unequivocally placed on the record. As such, this court did not err as a matter of law by sentencing the defendant outside the sentencing guidelines. See *Commonwealth v. Tirado,* 870 A.2d 362 (Pa. Super. 2005).

## II. CONSIDERATIONS AND CONCLUSIONS

In the present case, defendant argues that the sentencing court erred or abused its discretion in the following ways: (1) in finding that defendant is unlikely to pay the full amount of restitution; (2) by not considering the possibility of probation; and (3) by imposing a term of state rather than county incarceration.

Before sentencing, this court heard testimony from John Imbt, owner of ABC Oil Co. Inc., who briefly explained the impact of the defendant's behavior on himself, his employees, and his business. Mr. Baker, Mr. Imbt's attorney, best summarized the victim's losses when stating, "[t]hree years ago you have a company that's

worth over half a million dollars, and now we are fighting so that Mr. [Imbt] (sic) doesn't lose everything. He's coming out of this with nothing. He is losing everything." (Tr. 6/9/05, p. 15, ¶¶13-17.)

This is simply not a case where the defendant can be ordered to pay restitution, and the victim will walk away made whole. Essentially, Mr. Imbt was victimized twice. Not only was he required to pay off the debt defendant had accrued to uphold his credit and reputation, Mr. Imbt was forced to sell his business in order to do so. Eventually defendant may be able to pay the monetary amount of restitution, but this repayment will not repair all of the damage unjustifiably inflicted upon Mr. Imbt.

Title 42 Pa.C.S. §9721 provides the various sentencing alternatives available to the sentencing court, which includes probation. See 42 Pa.C.S. §9721(a). Subsection (b) of that same section requires the court to impose confinement consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. §9721(b).

This court did consider probation as an alternative when determining defendant's sentence, as provided in the sentencing transcript:

"I have considered probation and rejected the same because I believe you knew or you should have known what you were doing was wrong, and that you could harm not only the owner of the company, but, apparently, all other individuals that have been associated with that company." (Tr. 6/9/05, pp. 9-15.)

Finally, at the time of sentencing, a statement was provided explaining this court's decision to impose a term

of state rather than county incarceration. Again, the sentence imposed allowed for the minimum amount of confinement required for the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. This court also considered statements made by the victim, statements by defendant's counsel, the circumstances of the offense, defendant's education, character, and background. As such, this court made proper considerations and conclusions when imposing defendant's sentence.

For the foregoing reasons, this court respectfully finds that there has been no reversible error of law or abuse of discretion and remains satisfied that defendant was properly sentenced.