J-S87045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW DAVID WESTRY | |
| Appellant | No. 527 MDA 2016 |

Appeal from the Judgment of Sentence January 29, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000031-2015 CP-36-CR-0000163-2015 CP-36-CR-0000165-2015 CP-36-CR-0000170-2015 CP-36-CR-0000173-2015
CP-36-CR-0000174-2015 CP-36-CR-0000175-2015
CP-36-CR-0000176-2015
CP-36-CR-0006037-2014

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:          **FILED DECEMBER 13, 2016**

Andrew David Westry appeals from the judgment of sentence entered in the Court of Common Pleas of Lancaster County.  After our review, we deny allowance of appeal and affirm.

Westry entered an open guilty plea to eight counts of robbery, four counts of theft by unlawful taking, four counts of criminal conspiracy, and one count each of firearms not to be carried without a license and public drunkenness.  The charges stemmed from eight gunpoint robberies that occurred from October 2014 to December 2014.  Following his plea, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

court sentenced Westry to an aggregate term of imprisonment of twenty-eight to sixty-four years. On appeal, Westry challenges the discretionary aspects of sentencing, arguing that the court failed to consider mitigating factors and thus misapplied the Sentencing Guidelines.[1]

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and it will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Johnson***, 961 A.2d 877, 879 (Pa. Super. 2008) (citation omitted). Additionally, for this Court to reach the merits of a discretionary sentencing issue, an appellant must invoke our jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013) (citations omitted). ***See*** 42 Pa.C.S.A. § 9781(b); ***Commonwealth v. Tuladziecki***, 522 A.2d 17, 18 (Pa. 1987).

---

[1] An appellant may challenge the discretionary aspects of sentence in these circumstances, so long as there is no plea agreement as to the terms of the sentence. ***Commonwealth v. Dalberto***, 648 A.2d 16, 21 (Pa. Super. 1994). Westry entered an open plea, N.T. Guilty Plea, 11/5/15, at 4, thus he is not precluded from raising discretionary aspects of his sentence. ***See Commonwealth v. Stewart***, 867 A.2d 589 (Pa. Super. 2005).

Westry complied with the first three requirements, but failed to raise a substantial question for our review. Therefore, we do no reach the merits of his argument.

In his Pa.R.A.P. 2119(f) statement, Westry asserts that the "[s]entencing [c]ourt failed to properly take into consideration mitigating factors" such as his "lack of prior criminal record and his need for rehabilitative measures due to clearly demonstrated mental health issues." Appellant's Brief at 10. An argument that the court failed to consider mitigating factors does not present a substantial question appropriate for our review. *Commonwealth v. McNabb*, 819 A.2d 54, 57 (Pa. Super. 2003). [2] Since Westry has failed to present a substantial question sufficient to warrant appellate review of his sentencing challenge, we cannot address the merits of his argument.

Judgment of sentence affirmed

---

[2] The sentencing court considered a presentence investigation report outlining Westry's background and prior criminal history, as well as a forensic psychiatric evaluation and a psychological evaluation. The court was aware of Westry's drug and alcohol abuse, that he was a victim of sexual abuse, and that he suffered from post-traumatic stress disorder. N.T. Sentencing, 1/29/16, at 4-5. The court acknowledged Westry's youth (22), intelligence and potential, and made Westry eligible for every rehabilitative program available; nonetheless, the court concluded that Westry was not entitled to a "volume discount" for eight gunpoint robberies. *Id.* at 6, 16-23. We note also that at his guilty plea hearing, Westry wished to stand for sentencing, but the court deferred sentencing in order to obtain as much information as possible, acknowledging Westry's prior record score of zero, and directing a presentencing investigation report be prepared. N.T. Guilty Plea, 11/5/15, at 4-5, 16.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2016