J-S12016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID J. HOWARD, | |
| Appellant | No. 1478 EDA 2015 |

Appeal from the Judgment of Sentence of March 26, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000716-2014

BEFORE:  MUNDY, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 18, 2016**

Appellant, David J. Howard, appeals from the judgment of sentence entered on March 26, 2015, as made final by the denial of his post-sentence motion on April 16, 2015.  We affirm.

On March 19, 2014, the Commonwealth filed a criminal information charging Appellant with one count each of homicide (18 Pa.C.S.A. § 2501(a)), aggravated assault (18 Pa.C.S.A. § 2702(a)(1)), and conspiracy (18 Pa.C.S.A. § 903(c)).  Thereafter, on February 9, 2015, Appellant entered an open guilty plea to one count of involuntary manslaughter (18 Pa.C.S.A. § 2504(a)).  The Commonwealth offered the following factual recitation to support Appellant's plea.

> [THE COMMONWEALTH]
>
> [Thank you.  Your Honor, this incident occurred on or about February 1st, 2013.  The incident initially began at Freddie's Bar,

*Retired Senior Judge assigned to the Superior Court.

which is located at 222 East Hamilton Street in Allentown, Lehigh County. Earlier in the evening the victim in this case, Roman Bentley, age 53 at the time, was a patron of Freddie's Bar, along with the mother of his children, April Fernandez. During a period of time in which Ms. Fernandez and Mr. Bentley were at the bar, Mr. Bentley left for a short period of time to go pick up a friend.]

The duration for which Mr. Bentley was away to speak with his friend, [Appellant] had contact with April Fernandez. They had interactions which involved at one point [Appellant] taking food from Ms. Fernandez' plate, as well as $5[.00] off the bar to put in a juke box. This ultimately resulted in an argument or disagreement between Ms. Fernandez and [Appellant].

Ultimately, Mr. Bentley came back to the bar, and exchanged words and had an argument with [Appellant] regarding his contact with Ms. Fernandez.

At that point, the argument spilled out onto the street, out on Hanover Avenue in Allentown, at which time [Appellant] punched Mr. Bentley causing Mr. Bentley to fall to the ground.

Dr. Samuel Land is the doctor who performed the autopsy in this case and would ultimately provide an opinion that when Mr. Bentley was struck he fell to the ground. It was an unimpeded fall. He was not able to brace himself and struck his head on the pavement of Hanover Avenue, at which time he sustained a crack in his skull which ultimately resulted in the death of Mr. Bentley.

Allentown Police promptly responded and were able to get medical assistance for Mr. Bentley, Your Honor.

He was transported to St. Luke's Hospital in Fountain Hill and ultimately passed away on [February 2nd, 2013, at 9:17 p.m. as a result of the crack to his skull which resulted in a bleeding of the brain.

[THE COURT]

[Appellant], do you acknowledge that that is what you did?

[APPELLANT]

- 2 -

Yes.

N.T. Guilty Plea, 2/9/15, at 7-9.

After accepting Appellant's guilty plea, the trial court deferred sentencing until March 26, 2015, at which time the court ordered Appellant to serve two and one-half to five years' imprisonment. Appellant filed a timely post-sentence motion challenging the discretionary aspect of his sentence, including the trial court's alleged consideration of information not found in the record. The court denied Appellant's motion by order entered on April 16, 2015. This appeal followed.[1]

Appellant raises the following question for our review:

> Whether the sentencing court abused its discretion in imposing a sentence in the aggravated range based upon conduct not charged and matters not of record such as an autopsy report and other information unknown to Appellant from which the court drew inferences adverse to Appellant?

Appellant's Brief at 5.

Appellant's sole claim pertains to the discretionary aspects of his sentence. Accordingly, we consider such an argument to be a petition for permission to appeal. *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. 2014) (*en banc*) (citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). "[A]n appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under

---

[1] Both Appellant and the trial court have complied with the requirements of Pa.R.A.P. 1925.

the sentencing code." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. 2013) (*en banc*) (citation omitted).

Prior to reaching the merits of a discretionary aspect of sentencing issue, this Court is required to conduct a four-part analysis. ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1039 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). In this analysis, we must determine: 1) whether the present appeal is timely; 2) whether the issue raised on appeal was properly preserved at sentencing or in a post-sentence motion; 3) whether Appellant has filed a statement pursuant to Pa.R.A.P. 2119(f); and 4) whether Appellant has raised a substantial question that his sentence is not appropriate under the Sentencing Code. ***Id.***

In the instant case, Appellant filed a timely notice of appeal, and properly preserved his claim in a post-sentence motion. Additionally, Appellant complied with Pa.R.A.P. 2119(f). ***See*** Appellant's Brief at 15-16. We must therefore determine whether Appellant raised a substantial question for our review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Edwards***, 71 A.3d 323, 330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: 1) inconsistent with a specific provision of the Sentencing Code; or 2) contrary

to the fundamental norms which underlie the sentencing process." ***Id.*** (citations omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012).

Within his Rule 2119(f) statement, Appellant asserts that a substantial question exists because "the sentencing court relied upon matters not of record from which the court drew assumptions that Appellant committed more egregious acts than the offense of [i]nvoluntary [m]anslaughter to which he pled guilty." Appellant's Brief at 15. Specifically, Appellant argues that the sentencing court improperly considered an autopsy report, as well as allegations that Appellant encouraged other individuals to attack the victim. Appellant maintains that neither the autopsy, nor the allegations against him, were made a part of the record in this case and that he is unaware of the source of the adverse allegations. ***Id.*** at 15-16.

This Court has held that an appellant raises a substantial question where he alleges that the sentencing court relied upon impermissible factors such as matters outside the record. ***See Commonwealth v. Rhoads***, 990 A.2d 732, 745 (Pa. Super. 2009), *appeal denied*, 14 A.3d 827 (Pa. 2010). Thus, we will address the merits of this claim.

This Court has stated:

> The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or

- 5 -

> committed an error of law. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance, or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Marts*, 889 A.2d 608, 613 (Pa. Super. 2005) (citations omitted).

Appellant concedes that his sentence, while in the aggravated range of the guidelines, fell within the statutory maximum punishment applicable to involuntary manslaughter. *See* Appellant's Brief at 10-11. "When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant...." *Id.* Furthermore, "[a] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range." *Commonwealth v. Stewart*, 867 A.2d 589, 593 (Pa. Super. 2005) (citation omitted). Because Appellant's sentence fell within the guidelines, we may vacate the sentence only if we determine that this case involves circumstances where the application of the guidelines was clearly unreasonable. 42 Pa.C.S.A. § 9781(c).

Our review of the record refutes Appellant's claim that the trial court relied on sources outside the record in fixing the punishment imposed in this case. During the proceedings before the trial court, Appellant filed a pretrial motion to compel discovery together with a petition for *habeas corpus*. To

resolve Appellant's motion, the trial court convened a hearing and reviewed the transcript of Appellant's preliminary hearing. Based upon its review of the preliminary hearing transcript, the court found that Ms. Fernandez witnessed a verbal altercation between Appellant and Mr. Bentley. This dispute continued outside Freddie's Bar. At this time, Appellant was accompanied by two African American males. Ms. Fernandez witnessed Appellant strike Mr. Bentley, who fell to the ground. Ms. Fernandez then testified that she heard Appellant say, "kick his f**king a**." She then viewed Appellant and the two African American males begin to kick Mr. Bentley while he was lying on the ground. Dr. Samuel Land prepared an autopsy report that assigned blunt force trauma to the head as the cause of the victim's death. Trial Court Opinion, 9/16/14, at 2-4. The witnesses at Appellant's preliminary hearing would have been subject to cross-examination by Appellant's counsel. Moreover, contrary to Appellant's claims, the preliminary hearing transcript and the trial court's opinion were part of the record in this case at the time of sentencing. Thus, Appellant and his counsel should have been aware of these materials.

We also conclude that the trial court did not abuse its discretion when it imposed an aggravated range sentence in this case. In its opinion disposing of Appellant's post-sentence motion, the trial court listed the following reasons for its sentencing choice: "(1) [Appellant] has a long prior arrest record of violent crimes; (2) [Appellant] was on parole at the time the crime was committed; (3) [Appellant] previously failed on supervision and is

- 7 -

a poor candidate for rehabilitation; (4) a lesser sentence would depreciate the seriousness of the crime; and, (5) [Appellant] is a danger to the community." Trial Court Opinion, 4/16/15, at 3. The trial court also noted that Appellant committed the instant offense approximately eight months after completing a federal supervised release program for possessing a firearm despite a felony conviction, that Appellant has virtually no work history, and that Appellant has had contact with the criminal justice system for over 24 years and is only 36 years of age. *Id.* Appellant does not dispute these assessments and we conclude that they support the aggravated range sentence imposed in this case. Accordingly, we conclude that Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2016