J-S43038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MARQUIS LAFAYETTE BARNES | |
| Appellant | No. 149 WDA 2017 |

Appeal from the PCRA Order December 19, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000771-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MARQUIS LAFFAYETTE BARNES | |
| Appellant | No. 150 WDA 2017 |

Appeal from the PCRA Order December 19, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002708-2014

BEFORE: STABILE, SOLANO, and FITZGERALD[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED AUGUST 07, 2017**

Appellant, Marquis Lafayette[1] Barnes, appeals from the order entered

in the Erie County Court of Common Pleas, which dismissed his Post

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that Appellant's middle name is spelled "Laf**f**ayette" at docket 2708-14, but "Lafayette" at docket 771-15. Notwithstanding this discrepancy, Appellant is the same individual involved in both cases, and we have elected to use the spelling of Appellant's middle name listed in 771-15.

Conviction Relief Act[2] ("PCRA") petition. Appellant's petition raises claims of ineffective assistance of counsel in connection with his guilty pleas to two counts of firearms not to be carried without a license. We affirm.

The PCRA court summarized the factual and procedural history as follows:

> At [d]ocket [n]umber 2708 of 201[4], [Appellant] pled guilty on March 16, 2015, to one count of [f]irearms [n]ot to be [c]arried without a [l]icense. [Appellant] was sentenced on July 22, 2015, by Judge Shad Connelly [] to 30-60 months of incarceration. [Appellant] filed a [m]otion for [r]econsideration/[m]odification of [s]entence on July 2[3],[3] 2015. The post-sentence [m]otion was denied by [o]rder the same date. [Appellant] did not file a direct appeal with [this Court]. The judgment of sentence became final August 2[4],[4] 201[5] when the time for filing a direct appeal with [this Court] expired. [Appellant] was represented by Attorney Michael DeJohn.
>
> At [d]ocket [n]umber 771 of 2015, [Appellant] pled guilty on September 4, 2015, to one count of [f]irearms [n]ot to be [c]arried without a [l]icense. [Appellant] was sentenced on October 19, 2015, by Judge Shad Connelly to 30-60 months of incarceration consecutive to the sentence at [d]ocket [n]umber 2708 of 2014. [Appellant]

---

[2] 42 Pa.C.S. §§ 9541-9546.

[3] The record reveals Appellant's post-sentence motion was filed on July 23, 2015.

[4] The thirtieth day from the July 23, 2015 judgment of sentence was Saturday, August 22, 2015. Therefore, Appellant had until Monday, August 24, 2015, to file a timely notice of appeal. **See** Pa.R.A.P. 903(a) (stating notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); **see also** 1 Pa.C.S. § 1908 (excluding weekends and holidays from the computation of time when the last day of the time period falls on a weekend or holiday).

filed a [m]otion for [r]econsideration/[m]odification of [s]entence on October 23, 2015, seeking to have the sentences imposed concurrently. [Appellant] contended the sentences were imposed erroneously in the high end of the standard range of the sentencing guidelines. [Appellant] sought a reduction in his sentences. The post-sentence [m]otion was denied by [o]rder the same date. [Appellant] did not file a direct appeal with [this Court]. The judgment of sentence became final November 23, 2015, when the time for filing a direct appeal with [this Court] expired. [Appellant] was represented by Attorney Bruce Sandmeyer.

Notice of Intent to Dismiss PCRA Pet. Pursuant to Pa.R.Crim.P. 907, 11/28/16, at 1-2 (citations omitted). On July 14, 2016, Appellant timely filed a *pro se* PCRA petition at both dockets, which alleged ineffective assistance of counsel. Through PCRA counsel, Appellant subsequently filed an amended PCRA petition at both dockets. The PCRA court issued a Rule 907 notice of intent to dismiss without a hearing on December 19, 2016. This timely, consolidated appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant raises the following issues for our review:

I. Whether the sentencing [c]ourt abused its discretion in that the Honorable Shad Connelly used open cases as explicit factors for purposes of fashioning the sentencing scheme for the instant cases prior to the final adjudication and disposition of the other unrelated cases?

II. Whether defense counsel was ineffective in failing to file a supplementary reconsideration based on new evidence or circumstances wherein one of the referenced open cases used by the sentencing [c]ourt was dismissed at the magisterial level thereby expunging any legal relevance or basis for use of that case as a sentencing factor for the instant cases?

- 3 -

III. Whether [Appellant] was afforded ineffective assistance of counsel during the pre-trial stage wherein Attorney [Michael] DeJohn advised [Appellant] to take a plea under false pretenses given that counsel informed him that if he pled guilty he would receive [twelve] to [twenty-four] months or [eighteen] to [thirty-six] months [maximum] whereas [Appellant] ultimately received a sentence of [thirty] to [sixty] months?

IV. Whether defense counsel was ineffective in failing to independently take an appeal to challenge what amounted to a deficient plea colloquy?

V. Whether [Appellant] was afforded ineffective assistance of counsel in that counsel failed to file a motion seeking to have the two dockets merged for purposes of sentencing, which failure resulted in [Appellant] being exposed to a longer term of incarceration due to the consecutive nature of the sentencing scheme employed by the sentencing [c]ourt?

Appellant's Brief at 2.[5]

Appellant first contends that plea counsel was ineffective for failing to argue that the sentencing court abused its discretion by using Appellant's pending charges as sentencing factors, and for failing to file a motion for reconsideration after one of the pending charges was dismissed. Appellant asserts that he suffered prejudice as a result of counsel's inaction because "[i]n the absence of the dismissed case, the sentencing [c]ourt failed to articulate sufficient grounds for the sentencing election." *Id.* at 7.

---

[5] These issues appear to relate only to Appellant's sentence at docket 2708-2014.

"[W]e review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Roane*, 142 A.3d 79, 86 (Pa. Super. 2016) (citation and quotation marks omitted). Further,

> [c]ounsel is presumed effective, and in order to overcome that presumption a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner. With regard to reasonable basis, the PCRA court does not question whether there were other more logical courses of action which counsel could have pursued; rather, the court must examine whether counsel's decisions had any reasonable basis. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different. Failure to establish any prong of [this] test will defeat an ineffectiveness claim.

*Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015) (citations, footnote, quotation marks, and punctuation omitted).

Addressing Appellant's first issue, we explained in *Commonwealth v. Thomas*, 483 A.2d 974 (Pa. Super. 1984):

> [A] sentencing court [can] consider as prior criminal record the arrests of defendant, whatever the outcome, that took place prior to the day of sentencing. However, [] a reference to an arrest may not be ambiguous, i.e. it may not be mistaken for a conviction. Therefore, [we] place[] upon the

> sentencing judge the requisite of using sound judgment in making use of the reference.
>
> * * *
>
> The most important prerequisite to consideration of any past acts of a defendant [is] that the judge fully under[stand] the status and disposition of charges brought against a defendant so as not to confuse a conviction with an arrest or a judgment of sentence imposed with a conviction. This prerequisite is satisfied to the fullest extent possible where the sentencing judge interposes on the record his understanding of the current status of such charges.

*Id.* at 979 (citations, quotation marks, and emphasis omitted).

Here, in compliance with *Thomas*, the sentencing judge stated the status of each of Appellant's pending charges:

> The [c]ourt also notes that since this offense you have been involved in further charges on a number of occasions. You have a number of pending driving while operating privilege is suspended or revoked at the District Justice. But what is of note to the [c]ourt is that after this offense occurred, you have been charged with, but not convicted of, a drug violation for possession of marijuana and paraphernalia and are awaiting a preliminary hearing.
>
> You have been charged with a second drug violation, possession of marijuana and paraphernalia as well as driving while operating privilege is suspended or revoked, and that is awaiting a preliminary hearing.
>
> You have been charged with retaliation against a witness or victim, a felony, as well as simple assault, two counts, and terroristic threats. That offense is awaiting a preliminary hearing.
>
> And you have been charged with receiving stolen property and another firearms not to be carried without a license, as well as the disorderly conduct. Those charges have been bound over to court and you're scheduled for trial in September.

- 6 -

> So although you have not been convicted of subsequent offenses, it appears that there is at least probable cause and/or *prima facie* evidence that you have engaged in criminal activity since this offense has occurred and that indicates to the [c]ourt that you are still a person of concern in terms of your activity in the community and the seriousness of your behavior.

N.T. Sentencing, 7/22/15, at 8-9. The sentencing court used "sound judgment" by recognizing that Appellant was not convicted of any of these charges. *See Thomas*, 483 A.2d at 979. Therefore, there is no arguable merit to Appellant's first claim of ineffective assistance. *See Mason*, 130 A.3d at 618.

As to Appellant's second issue, his brief does not state which of the aforementioned charges was dismissed.[6] In any event, even though one charge was dismissed, the remaining charges gave the court good reason to believe that Appellant posed a threat to the community. *See* N.T. Sentencing at 8-9. Accordingly, Appellant's second claim of ineffective assistance fails. *See Mason*, 130 A.3d at 618.

Next, Appellant argues counsel was ineffective for deceiving Appellant into believing he would receive a shorter sentence if he pled guilty. We

---

[6] Appellant's PCRA petition states that the charge at docket MJ-0613-CR-0000169 was dismissed; however, the sentencing court did not reference the docket numbers of Appellant's pending charges. Therefore, it is unclear which pending charge considered by the sentencing court was subsequently dismissed.

disagree based on the reasoning in **_Commonwealth v. Cappelli_**, 489 A.2d 813 (Pa. Super. 1985) (*en banc*). The defendant in **_Cappelli_** filed a motion to withdraw his guilty plea, claiming "[counsel] had indicated, prior to the entry of the guilty plea that [the defendant] would receive a sentence which was considerably less than the sentence actually received." **_Id._** at 814 (quotation marks omitted). The trial court denied the motion without a hearing, and the defendant appealed. **_Id._** at 815.

We noted that during the oral guilty plea colloquy, the defendant contradicted his assertion that counsel induced him to enter the guilty plea on the basis of a lesser sentence.[7] **_Id._** at 817. We stated: "[e]ven if evidence of such sentence promises were received, they would be of no avail since this evidence could not be heard to contradict the incontrovertible terms of the record plea." **_Id._** at 819 (citations omitted). Accordingly, we

---

[7] In **_Cappelli_**, the relevant part of the colloquy was as follows:

> [The defendant's counsel]: And [] you have not received any promise for sentence in exchange for entering [the guilty plea] except that which was read into the record at the beginning of the proceedings. Do you understand that?
>
> [The defendant]: Yes.

**_Cappelli_**, 489 A.2d at 817.

rejected the defendant's claim that counsel was ineffective for promising the defendant a lesser sentence. ***Id.***

Here, Appellant signed a written guilty plea colloquy, which stated, in relevant part: "I understand that any plea bargain in my case is set forth here and that **there has been no other bargain and no other promise or threat of any kind to induce me to plead guilty/no contest** . . . ." Written Plea Colloquy, 3/16/15, at 1. Therefore, as in ***Cappelli***, the record belies Appellant's assertion that counsel's representation regarding the length of sentence caused him to plead guilty. ***See Capelli***, 489 A.2d at 819.

Further, Appellant argues counsel was ineffective for failing to challenge deficiencies in his guilty plea colloquy.

> A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.
>
> * * *
>
> While the Court has admonished that a complete failure to inquire into any one of the six, mandatory subjects generally requires reversal, . . . in determining the availability of a remedy in the event of a deficient colloquy, it has in more recent cases moved to a more general assessment of the knowing, voluntary, and intelligent character of the plea, considered on the totality of the circumstances.

***Commonwealth v. Morrison***, 878 A.2d 102, 107, 108, 109 (Pa. Super. 2005) (*en banc*) (citations and punctuation omitted) (determining plea

- 9 -

court's failure to outline elements of defendant's crimes was not fatal to plea where defendant signed document admitting he was advised and given details on elements of offenses).

Here, not only does Appellant fail to identify which of the above six elements was lacking, but the record reflects that the plea court addressed all elements during Appellant's oral plea colloquy. *See* N.T. Plea, 3/16/15, at 3-4, 7. Appellant also signed a written plea colloquy, which outlined the rights he was giving up by entering a guilty plea. Therefore, the totality of the circumstances indicates that Appellant's plea was knowing and intelligent. *See Morrison*, 878 A.2d at 107, 108, 109.

Finally, Appellant argues counsel was ineffective for failing to seek the merger of dockets 2708-2014 and 771-2015 for sentencing purposes. Issues related to merger raise questions of law; therefore, our scope of review is plenary and our standard or review is de novo. *Commonwealth v. Williams*, 920 A.2d 887, 888-89 (Pa. Super. 2007). Merger is permitted only where: "1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009); *see also* 42 Pa.C.S. § 9765.

While Appellant was charged with the same offense at docket 2708 and 771, they result from two separate episodes taking place in August 2014

and January 2015, respectively. Merger was impermissible because the crimes did not arise from a single criminal act. ***See id.***

For these reasons, the PCRA court properly dismissed Appellant's petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2017