J-S52022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL LEON HALEY SR. | : | |
| | : | |
| Appellant | : | No. 1003 EDA 2020 |

Appeal from the PCRA Order Entered January 22, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002527-2004

BEFORE: PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED FEBRUARY 17, 2021**

Michael Leon Haley Sr. (Appellant) appeals *pro se* from the order of the Lehigh County Court of Common Pleas dismissing without a hearing his Post Conviction Relief Act[1] (PCRA) petition, his third. Appellant raises six issues for our review which we discuss ***infra***. After careful review, we affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> [Appellant] has appealed the dismissal of his third petition under the [PCRA]. His untimely petition attempts to relitigate his sentence under the three strikes law.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[*] Former Justice specially assigned to the Superior Court.

On March 7, 2005, a jury convicted [A]ppellant of Attempted Criminal Homicide (Serious Bodily Injury) (two counts), Aggravated Assault, Recklessly Endangering Another Person, and Terroristic Threats. He was also found guilty of Theft by Unlawful Taking and Unauthorized Use of a Vehicle.[2] A]ppellant caused life-threatening injuries to the victim, [ ] Krepich, which were described by Dr. [ ] Badellino as "multiple stabbing and slicing wounds, including lacerations of the arteries in her neck and the slicing of her esophagus."

On April 8, 2005, the Honorable William H. Platt sentenced [A]ppellant to a total sentence of not less than twenty-five (25) years nor more than fifty (50) years in a state correctional institution. The judgment of sentence was affirmed by the Superior Court on September 15, 2006.[3]

[A]ppellant filed his first PCRA petition on May 22, 2007. Counsel was appointed to represent him, and after a hearing, the petition was denied on June 26, 2009. The denial of that petition was affirmed by the Superior Court on March 19, [2010.4]

On August 18, 2014, [A]ppellant filed a *pro se* "Petition for Writ of Habeas Corpus" which this [c]ourt treated as [A]ppellant's second petition under the PCRA. Following review of that petition, this [c]ourt provided notice to [A]ppellant pursuant to Pa.R.Crim.P. 907(1) of our intention to dismiss the petition, and permitted him twenty (20) days to file a response. [A]ppellant filed a response which challenged the constitutionality of Section 42 Pa.C.S. § 9542 (Scope of [PCRA] subchapter). On October 20, 2014, the petition was dismissed. [A]ppellant filed another appeal raising various challenges to his sentence, including that he was improperly sentenced as a "Three Strikes" offender. On July 21,

---

[2] 18 Pa.C.S. §§ 2501(a), 2702, 2705, 2706(a)(1), 3921, 3928.

[3] *Commonwealth v. Haley*, 2611 EDA 2005 (unpub. memo) (Pa. Super. 2006).

[4] *Commonwealth v. Haley* 2154 EDA 2009 (unpub. memo) (Pa. Super. 2010).

2015, the Superior Court affirmed the dismissal of his second PCRA petition.[5]

[A]ppellant filed this third PCRA petition on October 21, 2019. Appellant's current theory contesting his sentence as a third strike offender is that the testimony presented at the sentencing hearing was "false, fraudulent and misleading." While acknowledging that his petition is untimely, he contends that his petition falls within the "newly discovered facts" exception to the one year time limitation. **See** 42 Pa.C.S. § 9545(b)(1)(ii). He alleges the "newly discovered fact[ ]" is information provided to him by a lawyer who formerly represented him when he was previously convicted of robbery. That conviction was used to enhance [A]ppellant's current sentence. [A]ppellant does not explain why he could not locate that lawyer in 2005 when he was sentenced, or why he only began the hunt for him long after his judgment of sentence was affirmed, and his two (2) prior PCRA petitions were dismissed . . .

On December 12, 2019, this [c]ourt, pursuant to Pa.R.Crim.P. 907(1), issued a notice of our intention to dismiss the PCRA petition. [A]ppellant filed a response with additional arguments regarding the time-bar and his sentencing claim. On January 22, 2020, following review of [A]ppellant's response, the PCRA petition was dismissed.

A Notice of Appeal was filed on February 14, 2020. Pursuant to this [c]ourt's directive, [A]ppellant filed "Petitioner's Concise Statement of the Errors Complained of On Appeal 1925(b)[.]"

***Commonwealth v. Haley***, 2020 Pa. Dist. & Cnty. Dec. LEXIS 1464 (5/8/20).

Appellant raises six issues for our review:

1. The PCRA court erred as a matter of law in determining that [Appellant] failed to meet the exception under [42 Pa.C.S.] § 9545(b)(ii) while [acknowledging] that [Appellant] exercised due diligence in locating Lee Mandell, [Esq.,] whose information establishes proof that the prosecutor and his witness lied in open court and reveals that the witness read falsely when testifying from the record at [Appellant's] sentencing.

---

[5] ***Commonwealth v. Haley*** 3522 EDA 2014 (unpub. memo) (Pa. Super. 2015).

2. PCRA court erred as a matter of law in erroneously determining that [Appellant's] prior convictions meet the [statutory] definitions of [42 Pa.C.S. § 9714 [(]18 Pa.C.S. §3701(a)(1)(i)-(iii)[)]] when no classifications of these subsections were added to the prior convictions and the crimes of robbery were listed in those cases as "general" under the statute, which was enacted in 1972 and contained these very subsections.

3. The PCRA court erred as a matter of law in erroneously determining that "[I]t is implausible that the prosecutor or witness would lie to the court when the court was provided with a copy of the record to review[ . . . ] the court was able to confirm the accuracy of the record on its own by examining the document while the testimony was being presented, and took judicial notice of the crimes charged and their grading[ . . . ]" when nothing in the certified records or sentencing transcripts support the PCRA court's determinations.

4. The PCRA court erred as a matter of law in ignoring [Appellant's] request to amend his PCRA petition to include a [**Napue v. Illinois**], 360 U.S. 264, 269 (1959) violation and the ineffective assistance of counsel for failing to object to the same when the newly discovered information verifies a [**Napue**] violation and counsel's ineffectiveness.

5. The PCRA court erred as a matter of law in stating that [Appellant] "merely suggests" his never receiving a second strike sentence when [Appellant] submitted the entire certified records and other supporting documents verifying the fact that no second strike sentence under [42 Pa.C.S.] § 9714 was ever imposed by any court for his prior convictions, and, by these facts, [Appellant] proved the sentencing error to that court.

6. [The] PCRA court erred as a matter of law in failing to determine [Appellant's] actually innocent of the application of [42 Pa.C.S. § 9714(g)] in that [Appellant's] prior convictions do not satisfy the statute's requirements for imposition of a sentence under the statute.

Appellant's Brief at 3, 7, 10, 15, 18, 20.

The standard for review of PCRA petitions is well settled. "We must determine whether the PCRA court's order is supported by the record and free of legal error. . . . [W]e apply a *de novo* standard to our review of the court's legal conclusions." ***Commonwealth v. Brensinger***, 218 A.3d 440, 447 (Pa. Super 2019) (citation omitted). The Pennsylvania Supreme Court has previously stated:

> Under 42 Pa.C.S. § 9545[ ] any PCRA petition, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final. This limitation is jurisdictional in nature. As we have previously explained, "jurisdictional time limits go to a court's right or competency to adjudicate a controversy." Jurisdictional time limitations are not subject to equitable exceptions and a court has no authority to extend them except as the statute permits. By placing strict time limitations on the process, it is clear that the Legislature intended that there be finality to the collateral review process.
>
> This preference for finality, however, is tempered by the insertion of three exceptions to the one-year time limitation at subsections (b)(1)(i)-(i6ii). These exceptions extend the one-year time limitation under limited circumstances, reflecting that the Legislature also recognized that situations might arise when the one-year time limitation must yield. The exceptions are triggered by an event that occurs outside the control of the petitioner[.]

***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (citations omitted). Appellant argues the "newly discovered facts" exception. As such, he must allege and prove "the facts upon which the claim [is] predicated were unknown and [ ] could not have been ascertained by the exercise of due diligence." ***Brensinger***, 218 A.3d at 448. This Court has defined "due diligence" as requiring a petitioner to "take reasonable steps to protect his

own interests." *See id.* Before addressing the merits of Appellant's claims, we must first address whether the petition is timely. *Id.* at 447.

Here, Appellant was sentenced on April 8, 2005, and this Court affirmed his judgment of sentence on September 15, 2006. Appellant did not seek *allocator*. Thus, under 42 Pa.C.S. § 9545(b)(3), his judgment of sentence became final at the expiration of his *allocatur* deadline, which was October 16, 2006. Appellant then generally had one year, or until October 16, 2007, to file a PCRA petition. His initial *pro se* PCRA petition, filed on May 22, 2007, was filed within this period and was thus timely.

Because the instant PCRA petition was filed on October 21, 2019, approximately 13 years after the one year filing period, the PCRA court lacked jurisdiction to review it, unless Appellant properly invoked one of the timeliness exceptions. We look to 42 Pa.C.S. § 9545(b)(1), which provides:

(b) Time for filing petition.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that . . .

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or

the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Here, Appellant avers he had newly discovered evidence under 42 Pa.C.S. § 9545(b)(1)(ii). Appellant argues that the PCRA court's determination — that the "newly discovered" information provided by his former attorney, Lee Mandell, Esquire, "does not constitute an exception to the PCRA time bar" — is not supported by the record. Appellant's Brief at 3, *citing* Order, 1/22/20, at 2-3 n.5. Appellant posits that the crimes which the Commonwealth's witness testified to were all *nolle prossed* and since his prior "charges were removals of monies from financial institutions[,]" they should not have been considered for purposes of enhancing his sentence as a "third-strike" offense. Appellant's Brief at 3. Appellant accuses the Commonwealth of "[lying] in open court" in reference to the prior *nolle prossed* charges and implies the court's enhancement of his sentence based on these charges violates **Commonwealth v. Stewart**, 867 A.2d 589, 593 (Pa. Super 2005) (stating a sentence cannot be enhanced for charges that were *nolle prossed*). The PCRA court found Appellant did not establish an exception to the time bar. We agree.

The Pennsylvania Supreme Court has held:

Specifically, we hold that the presumption that information which is of public record cannot be deemed "unknown" for purposes of subsection 9545(b)(1)(ii) does not apply to pro se prisoner petitioners. As discussed above, the application of the public

record presumption to *pro se* prisoners is contrary to the plain language of subsection 9545(b)(1)(ii) and was imposed without any apparent consideration of a *pro se* prisoner's actual access to information of public record. We find nothing presented in the instant appeal to undermine the implicit conclusion we made in [**Commonwealth v. Bennett**], 930 A.2d 1264 (Pa. 2007),] that prisoners' access to public records is distinctly compromised; indeed, there is much to support that conclusion.

Accordingly, consistent with the statutory language, in determining whether a petitioner qualifies for the exception to the PCRA's time requirements pursuant to subsection 9545(b)(1)(ii), the PCRA court must first determine whether "the facts upon which the claim is predicated were unknown to the petitioner." In some cases, this may require a hearing. After the PCRA court makes a determination as to the petitioner's knowledge, it should then proceed to consider whether, if the facts were unknown to the petitioner, the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records.

**Commonwealth v. Burton**, 158 A.3d 618, 638 (Pa. 2017).

Per **Burton**, we afford Appellant some latitude because he is *pro se* and incarcerated. Nevertheless we must determine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." **See Burton**, 158 A.3d at 638. Appellant claims he learned of this "new information" through letters with prior counsel Attorney Mandell in February, April, and August of 2019. Appellant's PCRA Petition Appendix, 10/21/19, Exhibits B-E. However, a reading of those exhibits confirms the PCRA court's determination that Attorney Mandell only informed Appellant of information in Appellant's own criminal record. **See id.** While Appellant's criminal records are public record, this information could have been ascertained much sooner using due diligence even considering

- 8 -

Appellant's limited access to public records.  **See Burton**, 158 A.3d at 638.

Moreover, we must note the obvious: Appellant knew of his prior arrest record

and convictions having been present at the prior crimes and subsequent

criminal prosecutions, convictions, and sentencings.

The gravamen of Appellant's claim, setting aside his complaints as to

how the PCRA court handled the present petition, is that he should not have

been subject to a "three strikes" sentence.  **See** Appellant's Brief at 7-10, 10-

15, 18-20, 20-21B.[6]  Further, he raised the propriety of the "three strikes"

sentence in his initial 2007 PCRA petition.  **See Haley**, 2154 EDA 2009

(unpub. memo at 2) ("Was the imposition of the three strike sentence

appropriate and was counsel's failure to object to the sentence ineffective?").

An issue is previously litigated if the highest appellate court in which the

petitioner has review as of right has ruled on its merits, or if it has been raised

and decided in a collateral attack to the conviction or sentence.  **See** 42

Pa.C.S. § 9544(a)(2), (3).  A prior panel of this Court considered Appellant's

initial PCRA petition and adopted the PCRA court's opinion.  In doing so, they

considered the merits of this same argument.  Thus, this issue was previously

litigated and cannot form a basis for relief.  **See** 42 Pa.C.S. § 9543(a)(3) ("To

be eligible for relief under [the PCRA], the petitioner must plead and prove by

_____

[6] For the most part, Appellant's brief is paginated appropriately and in a standard manner; however, it contains a page 21 and a page 21B.

a preponderance of the evidence . . . [t]hat the allegation of error has not been previously litigated or waived.").

The PCRA court opinion adopted by the prior panel noted that the Commonwealth provided adequate notice prior to sentencing that it would seek a "three strikes" sentence. PCRA Ct. Op., 6/26/09, at 19-24. The PCRA court also observed that during sentencing, defense counsel used cross-examination and argument to question whether Appellant's prior robbery convictions could properly serve as predicate convictions under the three strikes statute. *Id.* at 23. In a footnote, the PCRA court explained why Appellant's prior convictions were proper three-strikes predicates, since they are felony-one robbery convictions meeting the requirements under 18 Pa.C.S. § 3701(a)(1)(i)-(iii). *Id.* at 24 n.23.[7] The PCRA court was satisfied that the Commonwealth established the propriety of application of a three-strikes sentence, including providing Appellant with a copy of the record of his previous convictions. *Id.* at 20. Thus, the "newly discovered" information Appellant acquired from Attorney Mandell was available both prior to and during his sentencing hearing. In fact, given that Appellant's sentencing counsel mounted a challenge to the propriety of a three-strikes sentence, it is obvious that Appellant knew at sentencing that his criminal record would be

_____

[7] The PCRA court inadvertently cited "42 Pa.C.S. § 3701" in its footnote, but it is plain from the context that the court was referring to the robbery statute, 18 Pa.C.S. § 3701.

used to determine the length of his sentence, including the three-strike requirement.

Next, we address issues two, five, and six together as they all are brought under 42 Pa.C.S. § 9714, which states in relevant part:

(a) Mandatory sentence . . .

*     *     *

(2) Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole . . .

*     *     *

(g) Definition. As used in this section, the term "crime of violence" means . . . robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery)[.]

42 Pa.C.S. § 9714(a)(2), (g). Appellant argues the current language of the statute should be applied to his two prior robbery convictions, rendering them outside the scope of qualifying crimes of violence under 42 Pa.C.S. § 9714(g). He argues the language of 18 Pa.C.S. § 3701 was amended prior to 2010, citing **Commonwealth v. Guilford**, 861 A.2d 365 (Pa. Super. 2004), and **Commonwealth v. Shiffler**, 879 A.2d 185 (Pa. 2004). Appellant's Brief at

7-8. Appellant argues his third-strike offense under Section 9714 is improper because he was never given any second-strike sentence. *Id.* at 18. Appellant further argues he is "innocent of . . . a third strike term" because his prior two robbery convictions "[do] not allow for his being sentenced as a third strike offender[.]" *Id.* at 20-21.

After review of *Guilford*, *Shiffler*, and the relevant statutes, it is clear Appellant has misapplied the law and is entitled to no relief. The language of Section 3701 was not amended until 2010 and, in relevant part, remains the same today. *See* 18 Pa.C.S. § 3701; 18 Pa.C.S. § 3701 (effective May 17, 2010 to February 20, 2014); 18 Pa.C.S. § 3701 (effective June 6, 1973 to May 16, 2010). At the time of Appellant's conviction, Section 3701 did not have a separate subsection for the robbery of financial institutions as it does presently. Appellant was convicted of robberies, graded felonies of the first degree in 1988 and again in 1995. N.T. Sentencing, 4/8/05, at 8-10. This Court does not have the authority to change convictions retroactively as statutes are updated. To do so would invite chaos into our legal system. The 1988 and 1995 robbery convictions are applicable and constitute prior "strikes" under Section 9714. *See* 42 Pa.C.S. § 9714(g). There is no requirement that Appellant be informed of his prior strikes or that his prior convictions were strikes for the purposes of Section 9714. *See* 42 Pa.C.S. § 9714(a)(2).

We do not address Appellant's claims that the PCRA court "erroneously [determined] that it is implausible that the prosecutor or witness would lie[,]" or his claim that the court erred when it "ignor[ed Appellant's] request to amend his PCRA petition to include a [**Napue**] . . . violation[.]" **See** Appellant's Brief at 10, 15. As with Appellant's first issue, these claims are untimely and as such, no relief will be granted. **See** 42 Pa.C.S. § 9545(b)(1).

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 2/17/2021*