J-S07011-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEIONNE MORTON | : | |
| | : | |
| Appellant | : | No. 1417 MDA 2025 |

Appeal from the Judgment of Sentence Entered August 19, 2025
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000054-2025

BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED: MARCH 10, 2026**

Deionne Morton appeals from the judgment of sentence of twenty-five to fifty months of incarceration imposed following her guilty plea to endangering the welfare of children ("EWOC"). We affirm.

The Commonwealth charged Appellant with three counts of EWOC after Lycoming County Children and Youth caseworkers, when responding to an allegations of neglect in December 2024, found her living with her three children in unsafe, deplorable conditions. Nine additional EWOC counts were added to the information at the preliminary hearing. After Appellant's application to treatment court was denied, she entered an open guilty plea to one count of EWOC, graded as a first-degree felony, and the remaining charges were dismissed. Following a pre-sentence investigation ("PSI"), the court sentenced Appellant as indicated above.

At the sentencing hearing, the Commonwealth proffered Abigail Hess to detail the conditions in which the children-victims were found by Lycoming County Children and Youth caseworkers when responding to an allegation of neglect:

> Caseworker Hess testified upon entering the residence, a strong odor of feces was noted, and upon further inspection, feces were caked into the carpet and noticeable on the walls and floors of each room, indicating that it was present for a long period of time, as well as fresh feces in the same locations. Caseworker Hess stated that Appellant and her three children were seated on the floor when she entered. The children were approximately aged three years, four years, five years at the time. The children were not clothed, except one who was only wearing a shirt. The caseworkers noted that the floors also had food present and there was not much food in the house for the children to eat. While in the home, the caseworkers observed the children picking items up from the floor, which led to the concern that the children were ingesting the feces present on the residence's surfaces. Illegal substance paraphernalia was observed around the home and was within the children's reach.

> Upon inquiry, caseworker Hess was informed that the children sleep on the floor of one of the bedrooms and there was a string on the door handle. It was later discovered that the string was used to keep the children enclosed in their bedroom when left home alone. The bedroom was also littered with feces and there were no beds for the children substantiating the concern that the children were sleeping amongst feces on the floor. Additionally, one of the children presented with a hard substance caked in her hair. Appellant reported to the caseworkers that it was either mustard or yogurt. However, the hard consistency of the substance and the fact that the child's head had to be shaved to remove the substance indicated that she endured a long period of time without anyone attempting to wash the substance out of her hair. None of the children were verbal. The four-year-old child was able to speak limitedly, for example "up" and "hair."

> Caseworker Hess concluded by stating that of the hundreds of homes she has entered in her capacity as an assessment worker, this situation was of the most dire. Additionally, when the

children were presented with food they ravished whatever food was provided. The child who had food caked in her hair really enjoyed being provided proper hygienic care. Due to the mental states of the children, caseworker Hess stated that it is difficult to understand exactly what occurred within the home, but based on the direct observations made she could infer that the living situation and maltreatment of the children was significant. Appellant ultimately consented to the termination of her parental rights for all three children.

Trial Court Opinion, 10/23/25, at 3-4.

Appellant filed a timely post-sentence motion seeking reconsideration of her sentence, which the court denied without a hearing. This appeal followed. Appellant *sua sponte* filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and the trial court filed a responsive Rule 1925(a) opinion.

Appellant presents one question for our review: "Whether the trial court abused its discretion by imposing a manifestly excessive and unduly harsh sentence without sufficiently considering the fundamental norms underlying the sentencing process." Appellant's brief at 4 (capitalization altered).

Appellant presents a challenge to the discretionary aspects of her sentence.[1] The following governs our consideration of this issue. "An appellant is not entitled to the review of challenges to the discretionary

---

[1] While the entry of a guilty plea usually results in waiver of all claims other than the court's jurisdiction, the validity of the plea, and the legality of the sentence, a challenge to the discretionary aspects of a non-negotiated sentence imposed following an open plea is not precluded. *See*, *e.g.*, ***Commonwealth v. Tirado***, 870 A.2d 362, 365 n.5 (Pa.Super. 2005).

- 3 -

aspects of a sentence as of right." ***Commonwealth v. Bowens***, 265 A.3d 730, 762–63 (Pa. Super. 2021) (*en banc*) (cleaned up).

> Rather, an appellant challenging the discretionary aspects of [her] sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Id***. at 763 (cleaned up).

Here, Appellant filed a timely notice of appeal following a timely post-sentence motion alleging that her aggravated-range sentence was unduly harsh in light of her treatment needs and other mitigating factors. ***See*** Post-Sentence Motion, 8/27/25, at 3. Although she has not included in her brief a statement of the reasons to allow the discretionary-aspects challenge pursuant to Pa.R.A.P. 2119(f), we may overlook that deficiency because the Commonwealth has not objected and "the presence or absence of a substantial question can easily be determined from [her] brief." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1017 (Pa.Super. 2003).

Appellant asserts that her aggravated-range sentence is excessive and inconsistent with the sentencing code given the mitigating factors of her youth, her difficult upbringing, her mental health struggles, her amenability to treatment, and her acknowledgment, through voluntary relinquishment of her parental rights to the three children-victims, of her inability to be a proper

parent. *See* Appellant's brief at 11-12. We have held that the "claim that the court erred by imposing an aggravated range sentence without consideration of mitigating circumstances raises a substantial question." ***Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa.Super. 2003) (*en banc*).

Thus, we proceed to consider the merits of her claim, mindful of the following. When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." ***Commonwealth v. Edwards***, 194 A.3d 625, 637 (Pa.Super. 2018) (cleaned up). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.Super. 2009). Thus, we review the trial court's sentencing determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa.Super. 2014).

Although its discretion is broad, "the trial court's discretion is not unfettered." ***Commonwealth v. Coulverson***, 34 A.3d 135, 144 (Pa.Super. 2011). The sentence imposed "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the

impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "Where the sentencing court had the benefit of a [PSI report] we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa.Super. 2019) (cleaned up).

Further, "[a] sentencing court may consider any legal factor in determining that a sentence in the aggravated range should be imposed." *Commonwealth v. Stewart*, 867 A.2d 589, 592-93 (Pa.Super. 2005). So long as "the sentencing judge's statement of reasons on the record" reflects consideration of proper aggravating factors, "the sentencing judge's decision regarding the aggravation of a sentence will not be disturbed absent a manifest abuse of discretion." *Id*.

Here, the sentencing guidelines indicated a standard range sentence of sixteen to twenty-two months, with a mitigated or aggravated range of, respectively, minus or plus six months. Hence, Appellant received a sentence in the middle of the aggravated range. The trial court addressed Appellant's contentions that such was unduly harsh thusly:

> Here, Appellant offers no support from the record that the court did not consider the mitigating factors. Rather, the court aptly considered the evidence provided from both the Commonwealth and Appellant in fashioning the sentence imposed, including the letter from pretrial services and the presentence investigation report. The court explained on the record that Appellant took actions prior to sentencing that were of a self-serving nature to improve her condition and in an attempt to

minimize the consequences for the circumstances in which she permitted her children to live, such as voluntarily terminating her parental rights, working toward her GED, and completing parenting programs.

Next, the court did give weight to Appellant's mental health issues and commended her for taking steps to work toward treatment for her indicated mental health concerns. However, Appellant's mental health concerns neither excuse nor negate the actions and inactions she maintained toward the care of her three children over the course of their young lives. The children's ages alone placed them in a vulnerable position added with their special needs related to their autism spectrum disorders and their inability to adequately communicate the harms they sustained.

Trial Court Opinion, 10/23/25, at 7 (capitalization altered, some articles omitted). Further, the court highlighted the following reasoning for an aggravated-range sentence offered at the sentencing hearing:

The court understands and appreciates the steps [Appellant] has taken now to try to get help for herself and to be in a better position to move forward. The court is also very concerned by just everything that underlies this case, the nature and extent of the harm done to these children at a very young age; and they were exceptionally vulnerable with them also having some personal troubles being on the spectrum and not being able to necessarily assert even at their young age that they needed help.

The court, also reading through the reports, there is some concern that [Appellant] is still focused solely on herself in crafting her steps and words to try to minimize her consequences. It is hard to think of a harder situation than a parent who allows neglect to rise to this level.

It is hard to fathom the trauma that it has imposed on these children.

*Id*. at 9 (quoting N.T. Sentencing, 8/19/25, at 13) (cleaned up).

We perceive no abuse of discretion. Not only does the court's review of the PSI report give rise to the presumption that it was aware of all relevant

factors, but the above discussion makes it readily apparent that the court properly undertook its duty to weigh the mitigating factors against "the gravity of the offense as it relates to the impact on the life of the victim and on the community." 42 Pa.C.S. § 9721(b). Appellant has not identified, and we have not discerned, any reliance upon an improper basis for finding that a sentence within the middle of the aggravated range of the guidelines is appropriate here.

In sum, Appellant has not shown that the court's weighing of the factors was manifestly unreasonable or based upon "partiality, prejudice, bias or ill will." *Antidormi*, 84 A.3d at 760. Rather, she merely asks us to substitute our judgment for that of the sentencing court and reweigh sentencing factors, which we cannot do. *See Macias*, 968 A.2d at 778. Since Appellant has not failed to establish that the court abused its discretion in imposing her sentence, we have no cause to disturb it.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/10/2026