J-S01023-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW MILTON BERRY | : | |
| | : | |
| Appellant | : | No. 1240 WDA 2025 |

Appeal from the Judgment of Sentence Entered August 18, 2025
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000569-2024

BEFORE: BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED: March 10, 2026**

Andrew Milton Berry appeals from the judgment of sentence entered in the Court of Common Pleas of Armstrong County after he pled guilty to burglary and aggravated assault.[1] On appeal, Berry challenges the discretionary aspects of his sentence. After careful consideration, we affirm.

We glean the following facts from the certified record. On August 20, 2024, at approximately 11:20 p.m., Pennsylvania State Police troopers responded to a report of a stabbing at 722 West Main Street in Rural Valley. When the responding troopers arrived at the scene, they discovered that the resident and victim, Colton Henderson, had sustained stab wounds to his

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a)(1)(i) and 2702(a)(1), respectively.

chest. Henderson was in critical condition and transported via helicopter to UPMC Presbyterian Hospital in Pittsburgh. At the scene, troopers interviewed Jennifer Berry, Henderson's paramour and Berry's wife. Ms. Berry informed troopers that while she and Henderson were seated on the couch in Henderson's living room, Berry entered the residence unannounced and attacked Henderson. Ms. Berry further relayed that during the attack, she grabbed Berry as Henderson screamed for help but denied seeing the knife that was used to stab Henderson. In addition to burglary and aggravated assault, Berry was charged with attempted criminal homicide, aggravated assault with a deadly weapon, simple assault, and harassment.[2]

On July 2, 2025, Berry entered an open guilty plea to the charges of burglary and aggravated assault, and his remaining charges were *nolle prossed*. The court deferred sentencing pending the preparation of a presentence investigation ("PSI") report. On August 18, 2025, Berry was sentenced to an aggregate term of 108 to 240 months' incarceration. On August 28, 2025, Berry filed a motion to modify his sentence, in which he alleged, *inter alia*, that the sentencing court abused its discretion "in fashioning its aggravated-range consecutive sentences" because it "erroneously considered facts and argument relevant only to a *nolle prossed* count of attempted homicide" as well as "other factors that merely satisfy the

---

[2] 18 Pa.C.S.A. §§ 2501(a), 901(a), 2702(a)(4), 2701(a)(2), and 2709(a)(1), respectively.

necessary elements of the pleaded offenses and their corresponding deadly weapon enhancements." Post-Sentence Motion, 8/28/25, at ¶¶ 10, 22 (unnecessary capitalization omitted). The trial court denied Berry's post-sentence motion on September 2, 2025, and Berry timely filed a notice of appeal. Both Berry and the trial court have complied with Pa.R.A.P. 1925. **See** Pa.R.A.P. 1925(a), (b).

On appeal, Berry presents the following question for our review:

Whether the trial court abused its discretion by imposing an excessive sentence relying on offenses for which [Berry] was not convicted to aggravate the sentence and failing to consider mitigating factors when imposing [the] sentence?

Appellant's Brief, at 9 (unpaginated) (unnecessary capitalization omitted).

Berry challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal." **Commonwealth v. Davis**, 341 A.3d 808, 812 (Pa. Super. 2025) (citation omitted).

Prior to reaching the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Hill**, 348 A.3d 264, 286-87 (Pa. Super. 2025) (brackets and case citation omitted). Furthermore:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Verma*, 334 A.3d 941, 946 (Pa. Super. 2025) (quotation marks and citations omitted).

Berry failed to preserve his discretionary sentencing claims concerning the court's alleged imposition of an excessive sentence and its inadequate consideration of mitigating factors by raising them for the first time in his 1925(b) statement. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Therefore, because Berry failed to properly preserve these issues before the trial court during his sentencing proceedings or in his post-sentence motion, they are waived for our review.

However, Berry properly preserved his claims concerning the court's alleged consideration of improper sentencing factors in his post-sentence motion. *See* Post-Sentence Motion, 8/28/25, at ¶¶ 10, 15, 16, 22. Moreover, Berry timely filed a notice of appeal and included a Rule 2119(f) statement in his brief. *See* Appellant's Brief, at 15-18 (unpaginated). Finally, Berry's specific allegations concerning the consideration of improper sentencing factors raise a substantial question that his sentence is contrary to the fundamental norms underlying the sentencing process. *See Commonwealth v. Tobin*, 89 A.3d 663, 666 (Pa. Super. 2014) (finding a substantial question

where appellant claimed that the court imposed a sentence based on its improper consideration of "allegations that were *nolle prossed*"); ***Commonwealth v. Fullin***, 892 A.2d 843, 848 (Pa. Super. 2006) (finding a substantial question where appellant claimed that the court imposed a sentence based on its improper consideration of a factor "that constituted an element of the offense"). Accordingly, because Berry properly invoked our jurisdiction with respect to his improper sentencing factor issues, we will address the merits of his claims.

Our standard of review for discretionary sentencing challenges is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Verma***, 334 A.3d at 946 (citation omitted).

Furthermore, "our review is confined by statutory mandate." ***Commonwealth v. Campbell***, 347 A.3d 707, 718 (Pa. Super. 2025) (citation omitted). Where a defendant is sentenced within the sentencing guidelines, an appellate court's statutory authority to "vacate the sentence and remand the case to the sentencing court with instructions" is limited to situations in which the appellate court determines that "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42

Pa.C.S.A. § 9781(c)(2). "It is clear that the General Assembly intended the concept of unreasonableness for the purposes of Section 9781(c) to be inherently a circumstance-dependent concept that is flexible in understanding and lacking precise definition." **Campbell**, 347 A.3d at 718 (brackets and citation omitted). In our review of the record, we must consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d). We have previously stated:

> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.[A.] § 9721(b), including the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant. A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.
>
> Additionally, the trial court must consider the sentencing guidelines. However, where the trial court is informed by a PSI report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.
>
> The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the

- 6 -

defendant and all witnesses firsthand. In conducting appellate review, this Court cannot reweigh sentencing factors and impose judgment in place of [the] sentencing court where [it] was fully aware of all mitigating factors.

***Verma***, 334 A.3d at 947-48 (quotation marks, brackets, and citations omitted).

Berry seemingly contests the court's imposition of minimum sentences that fell "at the highest point of the standard range" and maximum sentences that "far exceeded the standard range" for each offense. Appellant's Brief, at 14 (unpaginated). Berry further claims that the court abused its discretion by considering improper sentencing factors to "enhance" his sentence. ***Id.*** at 15 (unpaginated). Specifically, Berry avers that the trial court erroneously considered his *nolle prossed* criminal homicide charge as well as the rarity of crimes of such violent magnitude occurring within his community to justify imposing "an increased sentence." ***Id.*** Based on these improper considerations, Berry asks this Court to vacate his sentence and remand for resentencing so that the court can fashion a proper sentence by "considering solely the crime[s] he pled to and whether [his] actions feel within the norm for such offenses." ***Id.***

Berry's claims arise from the statements rendered by the court prior to imposing his sentence. Accordingly, we begin by reviewing the comments in question:

> The Court:  Well, at the outset I want to note the fact that so many people have come here today on both sides and the difficulty of testifying in court is understood[. M]any of the people who have

come here today perhaps have not been in a courtroom before and have not testified before. I appreciate the fact that it is difficult for everybody, even under the best circumstances, to come to court and testify, especially under circumstances as intense as a sentencing in a case like this. Fortunately, we don't see cases like this very often in Armstrong County of this explosion of violence that happened a year ago.

Indeed, as everybody has noted, this could have easily resulted in Mr. Henderson's death. I took note of the fact in his victim impact statement that he wrote that he was stabbed with such force that Mr. Berry broke several of his ribs as he was stabbing him. To me that says something. The extreme force that was used and the fact that if Mr. Henderson hadn't made it to the bedroom and been able to shut that door, Mr. Berry was still coming at him and was going [to]—I have no doubt—kill Mr. Henderson.

I will note—we are going to get to the guidelines here in a few minutes, [] you do have [a] prior record score which reflects a number of zero[,] but you have a prior criminal history in the misdemeanor range. There was [a count of] terroristic threats in 1998 for which you received ARD in Westmoreland County. There was a DUI in Armstrong County in 2001, which is consistent with the pattern of drinking that we have heard testimony about. You have a simple assault in 2005, here in Armstrong County, for which you []served a year probation. In that same year, a terroristic threats charge here in Armstrong County, for which you did some jail time. And then there was a criminal mischief prior to this which was in 2019.

I have reviewed—as I indicated, I reviewed the sentencing memorandum that your attorney prepared very carefully, as well as listened to his words today. I have taken into consideration everything in the presentence report as well, which indicates that you are, of course, a family man. You have a wife and you still live with your four youngest children. You did indicate to the probation officer who interviewed you about your struggle with alcohol use over the last several decades. You noted within the past 10 to 15 years, ... you have been drinking a case of beer at least three days a week. None of that excuses the behavior, but it all points to a real substance abuse problem.

I have considered your age as well as your education level and all of the factors that I read today in these reports, and of course,

- 8 -

the facts of the offense [that] have been admitted by you in your guilty plea questionnaire. Of course, I do believe that you are in need of correctional treatment that can be provided most effectively at the Department of Corrections level and any lessor sentence than total confinement would depreciate the seriousness of these crimes.

N.T. Sentence Hearing, 8/18/25, at 29-31 (unnecessary capitalization omitted).

Based on the foregoing, Berry first claims that, in fashioning his sentence, the court's primary consideration was his "intent to kill" Henderson. Appellant's Brief, at 19 (unpaginated). Berry contends that while neither burglary nor aggravated assault, the charges he pled guilty to, "contemplate the intent to kill[,]" the charge of attempted criminal homicide, which was *nolle prossed* in exchange for his plea, requires proof of this element. **Id.** (internal quotation marks omitted). Relying on this Court's decision in **Commonwealth v. Stewart**, 867 A.2d 589, 593 (Pa. Super. 2005), Berry concludes that the sentencing court committed "a manifest abuse of discretion" and violated "notions of fundamental fairness" by considering this *nolle prossed* charge. **Id.** at 19-20.

Berry further claims that the court improperly "relied on the rarity of such a crime in the community where [he] resided" to enhance his sentence. **Id.** at 20. Citing **Fullin**, Berry contends that the court should have instead focused on "how the present case deviates from what might be regarded as typical or normal for the offenses" at issue instead of "the community standard." Appellant's Brief, at 20 (internal quotation marks omitted). Berry

further contends that, unlike *Fullin*, in which a panel of this Court considered whether "the crimes committed were atypical due to extreme behavior[,]" his crimes were "typical of an enraged husband finding his wife in a compromising position with another man." *Id.* Berry acknowledges that, although his actions may have been "extreme in the sense that most affairs or relationships do not result in a stabbing, fueled by the use of excessive alcohol, such actions do not appear to be outside the realms of the crimes charged." *Id.* at 20-21 (internal quotation marks omitted). Thus, Berry concludes that, because the sentencing guidelines already accounted for "the severity of the offenses," the court abused its discretion by improperly considering "outside factors such as community standards" to justify imposing an increased sentence. *Id.* at 21.

We cannot agree with Berry's discretionary sentencing challenge. At the outset, we note that much of Berry's argument is premised upon a fundamental misconception of what constitutes a standard-range sentence. On the count of aggravated assault, Berry's standard guideline sentence range was 54 to 66 months' incarceration, and the court imposed a sentence of 66 to 144 months with 363 days of credit for time served. On the count of burglary, Berry's standard guideline sentence range was 30 to 42 months' incarceration, and the court imposed a sentence of 42 to 96 months to run consecutive to the sentence imposed on the count of aggravated assault. To the extent Berry suggests his sentences are inappropriate under the Sentencing Code because the maximum sentences for each count fell outside

the standard range, he is mistaken, as "[i]t is well-settled that the sentencing guidelines provide the range for an offender's minimum sentence, not the maximum sentence." **Verma**, 334 A.3d at 950 (citation omitted). Furthermore, "the fact that the trial court made [guideline range] sentences consecutive does not make them aggravated, nor does it show an abuse of discretion." **Commonwealth v. Pledger**, 332 A.3d 29, 38 (Pa. Super. 2024) (internal quotation marks, brackets, and citation omitted). Thus, contrary to Berry's suggestion, it is of no moment that the court imposed maximum sentences that fell outside the standard guideline range for each offense, as its decision to do so did not transmute Berry's standard-range sentences to aggravated-range sentences. Berry was sentenced within the standard range of the guidelines, albeit at the top of the standard range, and as such, "Pennsylvania law views the sentence as appropriate under the Sentencing Code." **Verma**, 334 A.3d at 947 (citation omitted).

Notably, the cases Berry relies upon to support his claims involved the imposition of aggravated-range sentences,[3] whereas Berry received standard-range sentences. **See Fullin**, 892 A.2d at 848 ("An aggravated range sentence for [a]ppellant will thus be justified to the extent that the individual circumstances of his case are atypical of the crime for which [a]ppellant was

---

[3] When a court imposes an aggravated-range sentence, "it shall state the reasons on the record and on the Guideline Sentence Form[.]" **Commonwealth v. Mrozik**, 213 A.3d 273, 278 (Pa. Super. 2019 ) (citation omitted).

convicted, such that a more severe punishment is appropriate."); ***Stewart***, 867 A.2d at 593. The sentencing court succinctly addressed Berry's claims concerning its alleged consideration of improper sentencing factors as follows:

> In his post-sentence motion, Berry argues that [the court] erroneously considered facts and argument relevant only to a *nolle prossed* count of attempted homicide. In doing so, he cited [***Stewart***]. Berry's reliance on ***Stewart*** is misplaced for two reasons.
>
> First, the [sentence imposed in ***Stewart***] was in the aggravated range, whereas [Berry was sentenced] within the standard range. Second, the trial court in ***Stewart*** explicitly acknowledged sentencing the defendant in the aggravated range *because* of the two *nolle prossed* counts[. Here, the court] simply referred to the circumstances surrounding the crimes to which Berry pled[, and not] once did [it] refer to [Berry's] *nolle prossed* charges.
>
> Before imposing Berry's sentence, [the court] had the benefit of his sentencing memorandum and a [PSI] report. The [PSI] report was thorough, and described all relevant information about Berry's crimes, his character, and mitigating factors. ...
>
> [The court] also had the benefit of the affidavit of probable cause, and the testimony of Berry, Berry's stepdaughter, Berry's wife, the victim, and the victim's mother.
>
> Berry's attack was vicious. He stabbed the victim with such force that several of the victim's ribs were broken. The victim sustained a collapsed lung, and he had to be put on a ventilator for six days; he still has trouble breathing. During sentencing, [the court] referred to the facts of Berry's attack on the victim. [The court] also referred to Berry's prior criminal history, his character as a family man, his struggles with alcohol, and [] noted that [it] considered everything in the [PSI] report.

Trial Court Opinion, 11/3/25, at 4-5 (unnecessary capitalization omitted; emphasis in original). We discern no abuse of discretion.

We observe first that the trial court had the benefit of a PSI, and thus we presume it was aware of, and considered, all relevant statutory factors. *See Verma*, 334 A.3d at 947. Toward that end, the court did not impermissibly consider Berry's *nolle prossed* homicide charge by expressing its belief that Henderson could have been killed during the alteration had he not sought refuge from Berry's attack behind a closed bedroom door. Rather, the court merely commented on the violent nature of the aggravated assault to which Berry pled guilty. Likewise, there is no indication that the court aggravated Berry's sentence based upon its consideration of his conduct under a nebulous community standard. We fail to see how the court's comment concerning the rarity of crimes of such violent nature occurring in the community constitutes the consideration of an impermissible factor where the court merely made the comment while thanking both the Commonwealth's and Berry's witnesses for appearing at the hearing. Moreover, the court was statutorily required to contemplate the gravity of Berry's offenses in relation to the impact on the community when fashioning his sentence. *See* 42 Pa.C.S.A. § 9721(b).

Based on our review of the record before us, we cannot conclude that Berry's case "involves circumstances where the application of the guidelines would be clearly unreasonable" and warrants vacating his sentence. 42 Pa.C.S.A. § 9781(c)(2). It is evident that the sentencing court adequately explained its reasons for imposing Berry's sentence and properly considered

the requisite sentencing factors. **See** 42 Pa.C.S.A. § 9721(b); N.T. Sentence Hearing, 8/18/25, at 30-32. For the foregoing reasons, Berry's discretionary sentencing challenge fails, and he is not entitled to relief. Accordingly, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/10/2026